Melvyn **GRIMARD**, Plaintiff, Appellant,

v.

Nancy **CARLSTON** et al., Defendants, Appellees.

No. 77–1464.

United States Court of Appeals, First Circuit.

Argued Dec. 8, 1977.

Decided Jan. 13, 1978.

---

Steven M. Wise, Brighton, Mass., with whom Fraser & Wise of Brighton, Mass., was on brief, for appellant.

Catherine A. White, Asst. Atty. Gen., Boston, Mass., with whom Francis X. Bellotti, Atty. Gen., Boston, Mass., was on brief, for appellees.

Before COFFIN, Chief Judge, CAMPBELL, Circuit Judge, and BOWNES, Circuit Judge.

BOWNES, Circuit Judge.

This is an appeal from a denial of a request for a preliminary injunction in a civil rights action. The core of the complaint is that defendants' actions have delayed plaintiff's graduation from nursing school.

Plaintiff apparently does not allege abuse of discretion by the lower court, but seems to urge us to find that the district court erred as a matter of law in denying the injunction. It is appropriate to note at the outset that plaintiff's failure to comply with the requirements regarding appellate

briefs creates this uncertainty as to the precise basis of his appeal. Plaintiff has not clearly articulated either a statement of the issues for review or a statement of the case as required by Fed.R.App.P. 28(a)(2), (3).

■■■ Plaintiff also failed to comply with the requirements of Fed.R.App.P. 10(b), which require that the appellant order a transcript of the proceedings from the district court. This is more than a technical oversight. The issuance of a preliminary injunction lies within the sound discretion of the trial court, and will not be reversed absent a clear showing of abuse of that discretion, *Hochstadt v. Worcester Foundation, Inc.*, 545 F.2d 222, 229 (1st Cir. 1976), or a clear error of law, *Automatic Radio Mfg. Co. v. Ford Motor Company*, 390 F.2d 113, 115 (1st Cir.), *cert. denied*, 391 U.S. 914, 88 S.Ct. 1807, 20 L.Ed.2d 653 (1968). Lacking a record of the proceedings below, we will not review the sufficiency of those proceedings. *In Re Colonial Realty Investment Co.*, 516 F.2d 154, 160 (1st Cir. 1975).

Restricting ourselves to a review of the memorandum opinion of the trial judge, we conclude that the court did not abuse its discretion. The court made specific findings of fact which, in the absence of a record, we must accept; it also detailed its conclusions of law. We confine our analysis to a determination of whether the district court erred in reaching the legal conclusions it did.

■■ The trial court must be upheld if we determine that it examined the appropriate factors and properly concluded that one of the requisites for issuing an injunction had not been met by plaintiff. Factors which the court examined were: whether irreparable harm to plaintiff would result; whether plaintiff was likely to prevail on the merits; whether the public interest would be served by issuing the injunction. It ruled that plaintiff was unlikely to prevail on the merits. *See generally Developments in the Law—Injunctions*, 78 Harv.L. Rev. 944 (1965).

The court detailed the following facts in its opinion.

Plaintiff was enrolled in a four semester nursing program at Massachusetts Bay Community College. Completion of degree requirements includes successful performance in certain clinical nursing courses dealing with actual patients. The nursing program policy, as announced to all incoming students via a memorandum, requires the immediate withdrawal of any student who becomes unacceptable to the program for health reasons.

On April 7, 1977, approximately two months into the second semester of the program, plaintiff fractured and dislocated his ankle. He was encumbered by a cast running the length of his leg up to the knee and required crutches and later a cane to move about. The coordinator of the nursing program, the instructor of the clinical course, and the dean of students determined that it would be impossible for plaintiff in that condition to discharge his responsibilities without endangering patient safety. The duties of enrollees in the clinical course include lifting patients in and out of beds, assisting them to and from the lavatory, and carrying supplies.

Plaintiff was informed of this determination and several informal discussions occurred throughout April. On May 10 plaintiff and his attorney held an hour and a half meeting with defendants and their attorneys concerning plaintiff's disability in light of the clinical course requirements. Defendants confirmed the decision that plaintiff would not be permitted to participate in the clinical course that semester and would be required to repeat the course. At oral argument before us, counsel for the plaintiff acknowledged that at no time during the spring did plaintiff request a hearing with school authorities on this matter.

Plaintiff requested the district court to enjoin defendants from temporarily withdrawing him from the course and also prayed that the court order the school to provide him special remedial help so that he could "catch up" on lost course work. His claims were premised on denial of due process and were brought pursuant to 28 U.S.C.

§ 1343(3) and 42 U.S.C. § 1983. He maintained in the court below that he was entitled to a pretermination hearing and had been erroneously denied one.

We need not retrace the district court's steps. The court set forth extensively the underlying facts, highlighting incidents which illustrated that plaintiff had been afforded considerable notice and due process sufficient under the circumstances by the school. The court applied the correct legal test, *Mathews v. Eldridge*, 424 U.S. 319, 332–335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), in assessing the sufficiency of the process plaintiff received.

 Finding that plaintiff had a property interest in his continued enrollment, the trial court concluded that the informal notice received by plaintiff during April, in conjunction with the formal May 10 meeting, provided plaintiff an opportunity to be heard in a meaningful fashion, accommodating the flexible requirements of due process outlined by *Mathews*. The court found that the school's strong interest in protecting patients from possible injury resulting from plaintiff's physical incapacity warranted its acting prior to granting him a pretermination hearing. *See Ong v. Tovey*, 552 F.2d 305, 307–308 (9th Cir. 1977). The court found it unlikely that more formal procedures would have increased the accuracy of the school's determination of plaintiff's ability to perform his clinical duties. The court thereupon concluded that plaintiff had not shouldered his burden of proving likelihood of success on the merits of his claim and properly denied the request for an injunction.

Plaintiff raised below and repeats here a claim based on the Rehabilitation Act of 1973 and its 1974 Amendments, 29 U.S.C. § 701 *et seq.* Plaintiff conceded at oral argument that his position on this point was not particularly well taken. The court found that plaintiff was unlikely to succeed in proving that his was an incapacity within the statutory meaning of handicapped person, 29 U.S.C. § 706(6) so as to invoke the nondiscrimination mandate of 29 U.S.C. § 794. We concur.

*Affirmed.*