MICHAEL RIEGLE *vs.* ANGELO TERRIZZI & others.[1] March 19, 1981. Riegle is a reporter for the Gay Community News, published weekly in Boston. He sought information for a news story concerning a series of arrests which took place on March 20, 1980, in the men's room of the Boston Public Library on charges of open and gross lewdness. G. L. c. 272, § 16. He filed in the Superior Court on March 21, 1980, a complaint under 42 U.S.C. § 1983 (1976), and G. L. c. 12, § 11I, inserted by St. 1979, c. 801, § 1, which made the following allegations among others.

The defendants, all police officers, on March 20, at 6 P.M. were assigned in plain clothes as part of an ongoing campaign (then still continuing) "to suppress sexual activity . . . in the men's room of the [l]ibrary." The complaint averred also that some persons arrested, and others, "have alleged that [the] defendants have engaged in provocative sexual activity . . . to entrap individuals, have made arrests without probable cause, and have otherwise violated the rights of . . . the public using" the library. On

---

[1] All the defendants were police officers of the city of Boston.

March 20, Riegle went to the library men's room and then stood outside
that room making observations. One defendant, Sergeant Tower, iden-
tified himself and told Riegle that he would arrest him for trespass if he
did not leave the library within five minutes. Riegle left under protest
without being able to gather information. The record contains no answer
to the allegations of the complaint set out above. The complaint sought
damages and injunctive relief.

A hearing on a motion for an ex parte restraining order apparently was
held on March 21 about 3 p.m. The record, however, does not show this
fact or what went on at the hearing. The defendants' attorney, an assist-
ant corporation counsel of Boston, concedes in his brief that he told the
motion judge on that occasion that he would "inform the police that no
further operations should continue until the issue was resolved" and that
he in fact, about 4 p.m. on March 21, requested the appropriate district
police deputy to withdraw the police detail until the pending issues had
been decided.

After hearing, a preliminary injunction was denied on March 26. An
appeal to this court subsequently was claimed. The record contains no
statement of the evidence then before the motion judge other than certain
affidavits. In substance, one of these (by a reporter for Gay Community
News) described a probably irrelevant similar police effort in 1978 to con-
trol conditions in the library men's room. This affidavit also reported an
order on March 21, 1980, about 4 p.m. by Sergeant Tower to the affiant
reporter and to Riegle to leave the library immediately or be arrested. The
affidavit stated that Riegle told Sergeant Tower that the motion judge
"had ordered . . . [Sergeant] Tower and the other defendants to permit
Riegle to make observations so long as he did not interfere with the
police." Sergeant Tower, not then (so far as the record shows) presented
with a copy of any court order, again ordered Riegle to leave. An af-
fidavit of Officer Angelo Terrizzi stated that arrests had been made on
March 20, that eight persons had been arraigned in the Municipal Court
of the City of Boston on March 21, that they had "pleaded to an admission
of facts," been fined $25 costs, and had their cases continued for three
months without a finding. This affidavit also (1) referred to orders by
Sergeant Tower that two male reporters for Gay Community News and
one female reporter leave the library, and (2) recited that, before the
police left the library at 8:30 p.m. on March 20, 1980, they discovered that
signs reading "Police in Johns" had been posted at various places
throughout the library. The docket does not show (a) that other affidavits
in the record were filed before the second hearing, or (b) anything which
took place at that hearing other than the denial of a preliminary injunction.

On this thin record there is no basis for concluding that there was any
abuse of discretion (see *Foreign Auto Import, Inc.* v. *Renault Northeast,
Inc.*, 367 Mass. 464, 472-473 [1975]; *Packaging Indus. Group, Inc.* v.
*Cheney*, 380 Mass. 609, 615-618 [1980]) by the motion judge in

denying a preliminary injunction. See *Grimard* v. *Carlston*, 567 F.2d 1171, 1173 (1st. Cir. 1978). The assistant corporation counsel in the defendants' brief represents that the city of Boston "is willing to grant . . . [Riegle] substantial access to observe police operations" at the library, but that "the police must retain the right to ask people to clear the area in proximity to an arrest." The defendants' brief also refers to efforts (not set forth in the record) by the motion judge to obtain an agreement by the parties which might avoid injunctive relief.

We recognize that, upon a complete record following an adequate presentation of evidence, there later may be presented questions concerning a proper balance between (a) protecting the access of Gay Community News to information of obvious interest to its readers, and (b) proper police operations to suppress what may be either criminal activity (G. L. c. 272, § 16) or an ongoing nuisance. See *Pell* v. *Procunier*, 417 U.S. 817, 832-835 (1974); *Houchins* v. *KQED, Inc.*, 438 U.S. 1, 8-9 (1978). This appeal, however, has been claimed without any reasonable showing of the presentation, if any, made to the motion judge about (a) the extent of any nuisance created by users of, or by misconduct in, the men's room at the library; (b) any specific misconduct, such as entrapment or provocation or other inappropriate behavior, by the police on March 20 or 21, 1980; (c) whether Riegle and his associate reporters could proceed with their operations without obstruction or embarrassment of proper police operations, or (d) any unreasonable harm to Riegle or his employer. The order denying preliminary relief must be affirmed, without prejudice to its renewal when there is present proper proof of a reasonable range of relevant facts.

The appeal on the present grossly inadequate record is frivolous. The defendants are to have double costs. G. L. c. 211A, § 15. Mass.R.A.P. 25, as amended, 378 Mass. 925 (1979).

*So ordered.*

*John P. Ward* for the plaintiff.
*Paul D. McNally*, Assistant Corporation Counsel, for the defendants.