**Elizabeth LeBEAU, et al., Plaintiffs, Appellants,**

v.

**Thomas SPIRITO, etc., Defendant, Appellee.**

No. 82–1510.

United States Court of Appeals, First Circuit.

Argued Oct. 8, 1982.

Decided March 28, 1983.

Mary C. Gallagher, Boston, Mass., with whom Lucy A. Williams, Richard Zorza and Barbara E. Lybarger, Boston, Mass., were on brief, for plaintiffs, appellants.

James A. Aloisi, Jr., Asst. Atty. Gen., with whom Francis X. Bellotti, Atty. Gen., was on brief, for defendant, appellee.

Before PECK, Senior Circuit Judge,* CAMPBELL and BOWNES, Circuit Judges.

JOHN W. PECK, Senior Circuit Judge.

This is an appeal from the district court's denial of a preliminary injunction to restrain the Department of Public Welfare of the Commonwealth of Massachusetts (Department) from reducing or terminating benefits from the Aid to Families with Dependent Children (AFDC) program without giving detailed notification. Plaintiffs, Massachusetts AFDC recipients, contend that they are entitled to receive timely notices that specify the action to be taken, explain the specific change in the law that requires the action, cite the specific regulation supporting the action, and explain the significance and relevance of any figures used in making the calculations upon which such action is based before such reduction or termination of benefits can occur. Plaintiffs brought this class action on behalf of all recipients of AFDC who have received or will receive computer-generated termination or reduction notices from the Commonwealth as a result of eligibility and benefit

* Of the Sixth Circuit, sitting by designation.

level rule changes enacted into law by §§ 2301 and 2303 of the Omnibus Budget Reconciliation Act of 1981 (OBRA), Pub.L. 97–35. In denying the preliminary injunction, the district court held that plaintiffs failed to meet their burden of demonstrating that they will suffer irreparable injury if the injunction is not granted. The district court also held that the plaintiffs had not demonstrated that they were likely to succeed on the merits of their claims that the notices fail to satisfy federal and state regulatory, as well as due process, requirements. Without reaching the issue of irreparable injury, we affirm the denial of the plaintiffs' motion for a preliminary injunction.

### I.

The notice challenged by the plaintiffs was the Department's first official attempt to inform AFDC grant recipients of changes in the calculations of grants mandated by OBRA. Section 2321 of OBRA made the changes effective on October 1, 1981 unless the Department demonstrated to the satisfaction of the Secretary of Health and Human Services that compliance with the changes could not be made by that date by reason of state law.

In an attempt to comply with the October 1, 1981 deadline for implementing the OBRA-mandated, across-the-board reductions in AFDC benefits, the Department in early October 1981 sent notices concerning the reductions to approximately 20,000 Massachusetts families receiving AFDC payments. The notices were computer-generated and provided substantially identical information to all recipients.

The notices contained the following:

(1) the amount of the old grant;

(2) the amount of the new grant;

(3) the effective date of the grant change;

(4) the statement, "The reason for these changes is the federal law for grant calculations has changed";

(5) citations of the Massachusetts regulations that embody all of the changes;

(6) the name or the telephone number of the recipient's caseworker;

(7) a statement in both English and Spanish that if the recipient disagrees with the action, the recipient has 30 days to request a hearing and that if the recipient's appeal request is received by the Department within 10 days of the date the notice was sent, AFDC benefits will not be terminated or reduced;

(8) a statement in both English and Spanish that if the appeal request is received within 10 days and the AFDC grant is not terminated or reduced, but the action of the Department is upheld, the continued benefits are subject to recoupment;

(9) a statement that if the recipient has "any questions regarding this notice, call your worker";

(10) a quantitative presentation under the heading "Grant Explanation", purporting to be a calculation of each recipient's grant and listing figures for the recipient's gross earned income, gross unearned income, deductions allowed, total deductions, net income, other adjustments and the standard of assistance for the recipient's family; and

(11) a form for requesting an appeal as well as the address to which the form should be sent.

### II.

On October 16, 1981 plaintiffs filed this class action suit to restrain the Department from reducing or terminating the benefits to recipients of AFDC grants until the Department issued a new notice to recipients that provided: (1) a more detailed explanation of the OBRA-mandated changes; (2) a statement of factual assumptions not contained in the "Grant Explanation", including family size, hours of work, and actual dependent care costs; and (3) a statement of the time period for which the facts are assumed. On November 5, 1981 the plain-

tiffs filed a motion for a preliminary injunction. On May 21, 1982, following the submission of affidavits, depositions and memoranda, but without oral argument, the district court denied the motion for a preliminary injunction.[1]

The district court based its denial of the plaintiffs' motion for a preliminary injunction on two grounds. First, the district court held that plaintiffs had failed to demonstrate that denial of the preliminary injunction would result in irreparable injury because the notices contained sufficient information concerning the appeal rights of the plaintiffs to support the finding that an administrative legal remedy was reasonably available. Second, the district court, without adopting a position on the ultimate merits of the plaintiffs' claims, held that the plaintiffs had failed to demonstrate that they were likely to succeed on their claims that the notices violated statutory or constitutional due process requirements.

### III.

■ The standard to be applied in reviewing the decision of a district court concerning the issuance of a preliminary injunction is clear:

The decision to grant or deny a preliminary injunction is a matter for the discretion of the district court and is reversible, of course, only for an abuse of discretion. It is also well-settled, however, that the application of an improper legal standard in determining the likelihood of success on the merits is never within the district court's discretion. Similarly, misapplication of the law to particular facts is an abuse of discretion.

*Massachusetts Association for Retarded Citizens, Inc. v. King,* 668 F.2d 602, 607 (1st Cir.1981) (quoting *Planned Parenthood League of Massachusetts v. Bellotti,* 641 F.2d 1006, 1009 (1st Cir.1981)).

The standard to be used by the trial court to determine whether to issue a preliminary injunction is similarly well-settled in this circuit:

"In the First Circuit, a plaintiff must satisfy four criteria in order to be entitled to a preliminary injunction. The Court must find: (1) that plaintiff will suffer irreparable injury if the injunction is not granted; (2) that such injury outweighs any harm which granting injunctive relief would inflict on the defendant; (3) that plaintiff has exhibited a likelihood of success on the merits; and (4) that the public interest will not be adversely affected by the granting of the injunction." *Women's Community Health Ctr., Inc. v. Cohen,* 477 F.Supp. 542, 544 (D.Me.1979) (citations omitted).

*Planned Parenthood League, supra* at 1009. This court has noted that with respect to the application of this standard:

None of these criteria should be slighted. The moving party must exhibit a likelihood of success on the merits; indeed, the probability-of-success component has loomed large in cases before this court. *See, e.g., Planned Parenthood League v. Bellotti,* 641 F.2d at 1009–1022; *Conservation Law Foundation of New England, Inc. v. Andrus,* 623 F.2d 712 (1st Cir. 1979); *Grimard v. Carlston* 567 F.2d 1171 (1st Cir.1978).

*Auburn News Co. v. Providence Journal Co.,* 659 F.2d 273, 277 (1st Cir.1981), *cert. denied,* 455 U.S. 921, 102 S.Ct. 1277, 71 L.Ed.2d 461 (1982). *See also Coalition for Basic Human Needs v. King,* 654 F.2d 838, 841 (1st Cir.1981) (even where irreparable injury is "excruciatingly obvious", plaintiffs must show probability of prevailing on claims to obtain preliminary injunction).

As a final point, we emphasize that the issue that we face is not simply whether the notices sent by the Department to the plaintiffs are constitutionally infirm. Rather, the issue we face in reviewing this denial of plaintiffs' motion for a preliminary injunction is whether the district court abused its discretion in denying the motion on the ground that plaintiffs' arguments on

---

1. On February 4, 1982 the district court certified the plaintiffs' class and denied a motion to dismiss that had been filed by the Department.

the probability of success issue were not persuasive. *See University of Texas v. Camenisch,* 451 U.S. 390, 393, 101 S.Ct. 1830, 1833, 68 L.Ed.2d 175 (1981). Accordingly, our "findings" and "holdings" as to the merits of the case are not final but should be understood to be merely statements of probable outcomes based on the record as it existed before the district court. *Planned Parenthood League, supra* at 1009.

## IV.

■ We first consider the critical question of whether the plaintiffs have demonstrated a likelihood of success on the merits. The basic theory of the plaintiffs is that the notices sent by the Department violate federal and state regulations and due process requirements. We turn initially to the plaintiffs' statutory argument in an effort to avoid the unnecessary resolution of a constitutional issue. *Blum v. Bacon,* 457 U.S. 132, 137, 102 S.Ct. 2355, 2359, 72 L.Ed. 2d 728 (1982).

Under federal regulations, a notice of a proposed reduction of AFDC benefits by a state agency is adequate if it includes:

a statement of what action the agency intends to take, the reasons for the intended agency action, the specific regulations supporting such action, explanation of the individual's right to request an evidentiary hearing (if provided) and a State agency hearing, and the circumstances under which assistance is continued if a hearing is requested . . . .

45 C.F.R. § 205.10(a)(4)(i)(B). Federal regulations further provide:

When changes in either State or Federal law require automatic grant adjustments for classes of recipients, timely notice of such grant adjustments shall be given which shall be "adequate" if it includes a statement of the intended action, the reasons for such intended action, a statement of the specific change in law requiring such action and a statement of the circumstances under which a hearing may be obtained and assistance continued.

45 C.F.R. § 205.10(a)(4)(iii). Massachusetts has promulgated regulations containing similar notice requirements. 106 C.M.R. §§ 302.500 & 343.200.

The plaintiffs contend that the notices fail to satisfy the regulations because the regulations require an explanation of how the laws apply to the specific relevant facts of each recipient's case. We do not agree.

The notices sent by the Department notified each recipient that the level of AFDC benefits would be reduced on a specified date to a specified amount based on certain figures listed in the calculations (statement of intended change); that a new federal law changed the method of determining the recipient's AFDC grant (reason for the change); and that the Massachusetts regulation incorporating the change in federal law is 106 C.M.R. § 304.260 (statement of specific change in law). Additionally, the notice, besides providing an appeals form and the address to which to send the form, contains a detailed explanation in both English and Spanish of a recipient's right to appeal the reduction and states that benefits will not be reduced if an appeal request is received by the Department within ten days of the sending of the notice.

Although the statements of the intended action, the reasons therefor, and the specific change in law requiring the action are cursory in language and nearly identical in all the notices, the explanation of the appeals process, which is printed in both English and Spanish, is presented in sufficient detail that the essential elements of notice are present. *Cf. Turner v. Walsh,* 435 F.Supp. 707, 713 (W.D.Mo.1977), *aff'd per curiam,* 574 F.2d 456 (8th Cir.1978) (federal regulations require only cursory statement of intended action, reasons therefor, and specific change in law requiring the action, but full explanation of appeals procedure). Accordingly, we concur in the view of the district court that the plaintiffs failed to demonstrate a likelihood that they would succeed on the merits of their statutory claim.

■ Turning to the plaintiffs' constitutional claim, we recognize that in evaluating the adequacy of the notices sent by the

Department we must weigh three competing concerns:

the interest at stake for the individual, the risk of an erroneous deprivation of the interest through the procedures used as well as the probable value of additional or different procedural safeguards, and the interest of the government in using the current procedures rather than additional or different procedures.

*Landon v. Plasencia,* —— U.S. ——, 103 S.Ct. 321, 330, 74 L.Ed.2d 21 (1982) (citing *Mathews v. Eldridge,* 424 U.S. 319, 334–35, 96 S.Ct. 893, 902–03, 47 L.Ed.2d 18 (1976)). Quite clearly, the interest that a welfare recipient has in the proper determination of the benefits to be granted by a state agency is substantial. *See, e.g., Goldberg v. Kelly,* 397 U.S. 254, 264, 90 S.Ct. 1011, 1018, 25 L.Ed.2d 287 (1970); *Coalition for Basic Human Needs, supra* at 840–41. On the other hand, the interest of the Commonwealth of Massachusetts in complying with the OBRA-mandated time constraints in reducing AFDC payments by sending the notices in issue is not insubstantial. *Velazco v. Minter,* 481 F.2d 573, 577 (1st Cir.1973). Although we acknowledge that more detailed notices might lessen the risk of an erroneous deprivation of benefits in some cases, we are unable to conclude that the district court erred in finding that the notices represent the Department's "adequate and substantial efforts to implement the changes with minimal error . . . ."[2]

■ In holding that the plaintiffs have not demonstrated a likelihood of success on their constitutional claims, we are mindful of the direction given by the Supreme Court in *Mullane v. Central Hanover Bank & Trust Co.* that:

[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is *notice reasonably calculated, under all the circumstances,* to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information and it must afford a reasonable time for those interested to make their appearance. *But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met* the constitutional requirements are satisfied.

339 U.S. 306, 314–15, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) (citations omitted; emphasis added). As noted above, the notices contain all of the information required by federal and state regulations. *See Philadelphia Welfare Rights Organization v. O'Bannon,* 517 F.Supp. 501, 512 (E.D.Pa.1981), *aff'd,* 681 F.2d 808 (3d Cir.1982). In particular, the notices provided a detailed explanation of the appeals rights that the Supreme Court in *Memphis Light, Gas & Water Division v. Craft,* 436 U.S. 1, 14–15 & n. 15, 98 S.Ct. 1554, 1562–63 & n. 15, 56 L.Ed.2d 30 (1978), held to be constitutionally necessary. Finally, the notices involve an across-the-board reduction in welfare benefits mandated by a statutory change. In such circumstances, this court has recognized that due process may set a lower

---

2. We do not view as controlling the cases cited by the plaintiffs in which courts have held notices to welfare recipients to be constitutionally inadequate because the notice at issue in each case lacked some information contained in the notices issued by the Department. *Dilda v. Quern,* 612 F.2d 1055 (7th Cir.), *cert. denied sub nom. Miller v. Dilda,* 447 U.S. 935, 100 S.Ct. 3039, 65 L.Ed.2d 1130 (1980) (no breakdown of deductions from income); *Banks v. Trainor,* 525 F.2d 837 (7th Cir.1975), *cert. denied,* 424 U.S. 978, 96 S.Ct. 1484, 47 L.Ed.2d 748 (1976) (no designation of income as gross or net; no breakdown of income and deductions); *Vargas v. Trainor,* 508 F.2d 485 (7th Cir.1974), *cert. denied,* 420 U.S. 1008, 95 S.Ct.

1454, 43 L.Ed.2d 767 (1975) (no statement of reason for reduction); *Jones v. Blinziner,* 536 F.Supp. 1181 (N.D.Ind.1982) (no calculations; no statement of income); *Buckhanon v. Percy,* 533 F.Supp. 822 (E.D.Wis.1982) (no statement of gross income); *Philadelphia Welfare Rights Organization v. O'Bannon,* 525 F.Supp. 1055 (E.D.Pa.1981) (no statement of reason for reduction; no statement of exception to rule; no statement of calculations; no statement of new level of aid; no explanation of rights to appeal); *Willis v. Lascaris,* 499 F.Supp. 749 (N.D.N.Y. 1980) (failure to state amount of reduction of aid, if any; failure to state reason for possible reduction; failure to provide any computation).

standard for determining a notice to be adequate than where the reduction or termination of aid is on an individual basis. *Velazco, supra* at 576.

In view of these considerations, we are unable to find that the district court erred in concluding that the plaintiffs had not demonstrated a likelihood of success on the merits of either their statutory or constitutional claims. Because the plaintiffs did not meet their burden on this issue, we need not consider the other criteria for issuance of a preliminary injunction. The judgment of the district court is affirmed.