PAMELA PUNOHU, ANNETTE OKIKAWA, MARYLOU DOESCHER, FRANCES TAUALA, PATRICIA FERNANDEZ, EARLENE DEMELLO, ERNELL GARCIA, PEARL LEE, LILLIAN CORREA, LUCILLE SANCHEZ, PATRICIA MIRANDA, BARBARA and DENNIS BRANCO, PATRICIA GAHAN and JEROLD DOSS, Appellants-Appellees, *v.* FRANKLIN SUNN, Director of the Department of Social Services and Housing, Appellee-Appellant

NO. 9045

(CIVIL NO. 69202)

JULY 18, 1983

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, JJ., AND CIRCUIT JUDGE CHANG, ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY PADGETT, J.

This is an appeal by the Director of the Department of Social Services and Housing, State of Hawaii, from a judgment of the Circuit Court of the First Circuit. The proceedings in the First Circuit were appeals by the individual appellees from rulings at fair hearings held pursuant to § 346-12, HRS. At those hearings, the appellees were appealing from proposed reductions or terminations of their public assistance benefits in various categories. We reverse.

The court below determined that adequate written notice of the proposed reductions or terminations had not been given to

the appellees and that, accordingly, their benefits should continue unchanged until such notice was in fact given.

45 C.F.R. § 205.10(a)(4)(i)(B) provides:

"Adequate" means a written notice that includes a statement of what action the agency intends to take, the reasons for the intended agency action, the specific regulations supporting such action, explanations of the individual's right to request an evidentiary hearing (if provided) and a State agency hearing, and the circumstances under which assistance is continued if a hearing is requested; . . . .

A printed form called "Notice of Adverse Action" was sent to each of the appellees. An examination of the record shows that there is no dispute as to the fact that that form adequately told the appellees what action the agency intended to take, and the specific regulation supporting the action. It also contained explanations of the individual's right to request an evidentiary hearing and a state agency hearing and the circumstances under which assistance would be continued if a hearing was requested. The dispute here therefore turns upon the question of whether there was an "adequate" statement in the forms sent to the appellees of the "reasons" for the intended agency action.

There were two kinds of agency action involved. One was a termination of assistance and the other was a reduction in assistance.

With respect to the termination, the form sent the named appellee, Pamela Punohu, is typical. In the upper right hand corner was a box which listed and broke down the present amounts being considered and paid, and showed that the proposed amount considered and paid would be zero.

Paragraph II of the form stated:

This change will take place on October 1, 1981 because the total gross income ($890) available to your family exceeds 150% of the budgeted needs standard of your family. Recent amendments to the Social Security Act have altered eligibility requirements for the AFDC program. . . .

Appellee's contention here is that the budgeted needs standard of the family should have been expressly set forth so that the appellees could compare the gross income of $890 to that figure to see whether the gross income exceeded 150% of the figure.

As to the reduction cases, the form sent Janice Okikawa is an exemplar. In the upper right hand corner in the box, the current and proposed amounts allowed for shelter, basic monthly standard allowance, special circumstance requirement, total requirements, less income with the deficit, recoupment of overpayment, and the total grant past and proposed was set forth. The significant difference was that the income was considerably increased, resulting in a corresponding increase in the deficit and a decrease in the grant.

Paragraph II stated:

This change will take place on October 1, 1981 because amendments to the Social Security Act have altered eligibility requirements of the AFDC program. Your grant is being reduced because the method of budgetting [sic] earned income has changed. . . .

Appellee's contention is that the calculations showing how the new income figure was arrived at had to be included in the notice.

It is appellees' further position that unless the notices sent complied with their construction of the regulations, they are entitled to continued benefits at the previous level, regardless of whether they continued, factually, to qualify for such benefits under the law, regardless of what later information may have been supplied to them and regardless of what hearing thus may have been afforded. Moreover they contend those benefits will continue until such time as they receive a notice which is adequate under their definition.

We cannot agree with appellees.

The Supreme Court of the United States in *Goldberg* v. *Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), made it plain that termination or reduction of welfare benefits involved important rights of statutory entitlement which could not be accomplished, consonant with due process, without adequate notice and an evidentiary hearing prior to the termination or reduction taking effect. The requirements of 45 C.F.R. § 2505.10(a)(4)(i)(B) with respect to notice, taken together with the fair hearing provisions contained in § 346-12, HRS, obviously satisfies due process. The question is whether the notices sent adequately spelled out the reasons for the proposed change in benefits as the quoted regulation requires.

We are aware that there are federal cases which seem to interpret the regulation as requiring the notice to contain an extremely detailed spelling out of the reasons for the reduction or termination together with the evidentiary facts and figures in support thereof. We are unwilling, however, to engraft upon the law with respect to welfare recipients, what would be, in effect, a return to the technical niceties formerly required in common law pleading.

A plain and simple statement of a claim or defense suffices in civil litigation and, in the field of criminal law, indictments or information are not required to contain a detailing of the evidence but only to allege the necessary elements of the crime charged. As far as we are concerned, the regulations require only such notice as is adequate to inform a reasonable person of what the reasons for the change are so that the recipient can contest the change if he or she believes it unjustified. Due process requires no more. The recent case of *Lebeau* v. *Spirito,* 703 F.2d 639 (1st Cir. 1983), supports our view. Moreover, it is clear from the record that by the time the fair hearing commenced, appellees and their counsel were apprised of the facts whose non-inclusion in the notice they claim is fatal to the appellant's case.

There is nothing in the record to indicate that the appellees were taken by surprise at the hearing or that they could not then raise a contention that the lack of the particulars, which are the bases of their complaints, prevented them from making an adequate presentation in opposition to the proposed termination or reduction. We therefore conclude that the court below erred in entering judgment for the appellees. Appellant contends that, as a factual matter, each of the reductions or terminations were justified under the applicable law. The court below apparently never reached the question of whether the fair hearing determinations so ruling were or were not clearly erroneous. We therefore remand to permit appellees to show, if they can, that the administrative rulings on those issues were incorrect under § 91-14(g), HRS.

Reversed and remanded for further proceedings consistent herewith.

*Thomas D. Farrell,* Deputy Attorney General, for appellant.

*Brenton Rogozen* (Legal Aid Society of Hawaii) for appellees.