**Jose E. MUNIZ RAMIREZ,
Plaintiff, Appellee,**

v.

**PUERTO RICO FIRE SERVICES, et
al., Defendants, Appellants.**

**No. 84–1650.**

United States Court of Appeals,
First Circuit.

Argued Feb. 8, 1985.

Decided April 1, 1985.

Howard Charles, Carolina, P.R., with whom Roberto Schmidt Monge, Sol. Gen. and Gerardo Mariani, Asst. Sol. Gen., Dept. of Justice, San Juan, P.R., were on brief for defendants, appellants.

Jose M. Munoz Silva, Mayaguez, P.R., for plaintiff, appellee.

Before COFFIN, Circuit Judge, WISDOM,[*] Senior Circuit Judge, and BOWNES, Circuit Judge.

---

[*] Of the Fifth Circuit, sitting by designation.

BOWNES, Circuit Judge.

Making its second appearance before us, this civil rights case predicated on the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (ADEA), has been tried before a jury and resulted in a verdict for plaintiff Jose Muniz. On the first appeal, plaintiff urged that the district court erred in dismissing the case as barred by the eleventh amendment. We reversed and remanded the cause for a determination of liability, back pay, and damages. *Muniz Ramirez v. Puerto Rico Fire Service,* 715 F.2d 694 (1st Cir.1983). That opinion should be consulted for the factual background.

Defendant-appellant Puerto Rico Fire Services (PRFS) now contends that we should set aside the verdict for two different reasons. First, PRFS argues that its rule requiring a prospective firefighter to be ·no older than thirty-five upon initial entry into the service is a bona fide occupational qualification (BFOQ) within the terms of the statute. *See* 29 U.S.C. § 623(f)(1). Second, appellant claims in the alternative that no willfulness to violate the ADEA was shown, rendering part of the plaintiff's award excessive and unjust.

■ We need not tarry long over these issues. Each of them turns on an evaluation of the evidence presented at trial. Yet despite presenting contentions that are dependent upon a review of the record, appellant failed to order the transcript or relevant parts thereof,[1] as required by Federal Rule of Appellate Procedure 10(b) and Local Appellate Rule 8(b). These rules state in no uncertain terms that it is the appellant's responsibility to ensure that the record is complete, *i.e.,* that it contains all papers necessary for the determination of the issues presented by the appeal. *See Sanabria v. International Longshoremen's Association Local 1575,* 597 F.2d 312, 313 (1st Cir.1979); *Stanley Educational Methods v. Becker,* 536 F.2d 86 (5th Cir.1976); 9 Moore's Federal Practice ¶ 210.03 at 10–11 (1980). Where an appellant raises issues that are factually dependent yet fails to provide a transcript of the pertinent proceedings in the district court, this circuit has repeatedly held that we will not review the allegations. *See, e.g., Grimard v. Carlston,* 567 F.2d 1171, 1172–73 (1st Cir.1978); *United States v. One Motor Yacht Named Mercury,* 527 F.2d 1112, 1113–14 (1st Cir.1975); *In re Colonial Realty Investment Co.,* 516 F.2d 154, 160 (1st Cir.1975).

■ We must reject appellant's attempt, if such was intended, to have us rule as a matter of law that an entry age of thirty-five for firefighters is a BFOQ. A particular age limit for entry into a particular position is a matter of proof. *Accord EEOC v. County of Los Angeles,* 706 F.2d 1039, 1042 (9th Cir.1983) ("Courts cannot assume, in the absence of any evidence as to its effects on safe performance, that age, per se, constitutes a BFOQ" (quoting *EEOC v. County of Santa Barbara,* 666 F.2d 373, 376 (9th Cir.1982))), *cert. denied,* — U.S. ——, 104 S.Ct. 984, 79 L.Ed.2d 220 (1984). Based upon a review of defendant's admissions in response to interrogatories, there can be no question that the plaintiff here presented a prima facie case of age discrimination. From what we can discern from the limited amount of information before us, defendants chose to rebut the prima facie case by trying to establish that age in general and thirty-five in particular, was a BFOQ for an entry level firefighting position.

■ To do this, evidence should have been adduced showing *inter alia* that the stated age qualification is reasonably related to the essential operation of the employer's business, " '*and* must demonstrate, *either* that there is a factual basis for believing that all or substantially all persons above the age limit would be unable to effectively perform the duties of the job, *or* that it is impossible or impracticable to

1. This information was obtained from the Clerk of Court's Office of the United States District Court for the District of Puerto Rico.

determine job fitness on an individualized basis.' " *Mahoney v. Trabucco*, 738 F.2d 35, 37 (1st Cir.1984) (quoting *Orzel v. City of Wauwatosa Fire Dept.*, 697 F.2d 743, 753 (7th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 484, 78 L.Ed.2d 680 (1983)) (emphasis in *Orzel;* footnote omitted), *cert. denied,* —— U.S. ——, 105 S.Ct. 513, 83 L.Ed.2d 403 (1984). At oral argument, when we questioned appellant about the evidence adduced to prove that age thirty-five was a proper BFOQ, we were informed that PRFS's only witness regarding the correlation between age thirty-five and firefighting was the chief of the Fire Services whose testimony consisted of his own opinions and observations. If no medical or scientific evidence, or other testimony was presented on this crucial point, then appellant's failure to order a trial transcript is understandable, but the case should not have been appealed.

Double costs awarded to plaintiff. Fed. R.App.P. 38.

*Affirmed.*