14 F.3d 44
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Norberto ANDRADE, Plaintiff, Appellant,
v.
John J. MORAN, ETC., ET AL., Defendants, Appellees.
 No. 92-1799.
 United States Court of Appeals,
First Circuit.
 January 13, 1994
 
 Appeal from the United States District Court for the District of Rhode Island
 Norberto Andrade on brief pro se.
 David J. Gentile, Senior Legal Counsel, Department of Corrections, on Memorandum in Support of Motion for Summary Disposition for appellees.
 D.R.I.
 AFFIRMED.
 Before Cyr, Boudin and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Plaintiff Norberto Andrade filed an action pursuant to 42 U.S.C. Sec. 1983 claiming that Rhode Island correctional personnel had used excessive force to restrain him and had provided inadequate medical care in violation of the Eighth Amendment. Following the dismissal of three of the five defendants, a jury trial was held resulting in verdicts in favor of the remaining two defendants.
 
 
 2
 1. The district court permitted plaintiff to proceed in forma pauperis. Plaintiff argues that it also should have granted his request for the appointment of counsel. Counsel in civil cases are appointed only in "exceptional circumstances." DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). In determining whether a party has met this standard, "a court must examine the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." Id. at 24. Further, on our review of the record, we will reverse the district court's decision "only if the record, taken as a whole, reflects a manifest abuse of the trial court's broad discretion." Id.
 
 
 3
 Although there is support for plaintiff's claim that he is illiterate, this same evidence-a psychologist's evaluation-describes plaintiff as bright, alert and, in terms of his mental functioning, able to "deliver a reasonable stream of clear ideas that were pertinent and well connected to the subjects being discussed." Thus, we do not believe that plaintiff's ability to represent himself was significantly hampered by his illiteracy. Further, his complaint concerned events that had occurred during a single day and the applicable Eighth Amendment standards are not particularly complicated. As a result, we find no abuse of discretion in the district court's decision not to appoint counsel to represent plaintiff.
 
 
 4
 2. As far as we can determine, plaintiff's second argument on appeal concerns the sufficiency of the evidence as to exactly how he received a cut on his head during the incident in question. Specifically, plaintiff refers to the testimony of one of the defendants at the state trial (plaintiff was charged with assault upon a correctional officer on the basis of the events giving rise to this Sec. 1983 action). According to plaintiff, this defendant at the state trial testified that he did not know how plaintiff had received the laceration on his head. Apparently, the same defendant at the district court trial gave a conflicting account of how plaintiff's injury occurred.
 
 
 5
 Without a transcript of either the state or federal court trials, it is not possible for us to review this claim. Fed. R. App. P. 10(b)(2) provides:
 
 
 6
 If the plaintiff intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the plaintiff shall include in the record a transcript of all evidence relevant to such finding or conclusion.
 
 
 7
 As for the district court proceedings, "[t]he burden is on the plaintiff to provide this court with an appendix sufficient to support [his] points on appeal." United States v. One Motor Yacht, 527 F.2d 1112, 1113 (1st Cir. 1975) (appendix did not include transcript of hearing before district court). "Where a plaintiff raises issues that are factually dependant yet fails to provide a transcript of the pertinent proceedings in the district court, this circuit has repeatedly held that we will not review the allegations." Muniz Ramirez v. Puerto Rico Fire Services, 757 F.2d 1357, 1358 (1st Cir. 1985). See also Fisher v. Krajewski, 873 F.2d 1057, 1060, 1068 (7th Cir. 1989) (in the absence of the transcript, it is not possible to review rulings made from the bench and the court "will not render a judicial decision founded on speculation"), cert. denied, 493 U.S. 1020 (1990).
 
 
 8
 We are aware of plaintiff's indigent status and that he filed, in the district court, a request for the trial transcript under 28 U.S.C. Sec. 753(f) (A transcript paid for by government is available only if the trial judge "certifies that the appeal is not frivolous (but presents a substantial question)."). The district court denied plaintiff's request, finding that plaintiff wanted the entire transcript essentially for the purpose of having a "retrial" of the evidence on appeal. Because he had already had a "full and fair opportunity" to present all of his evidence before the jury, the court determined that his appeal failed to assert a substantial question of law.
 
 
 9
 Indigence, however, does not relieve plaintiff of the burden to produce the transcript under Rule 10(b)(2). See Richardson v. Henry, 902 F.2d 414, 416 (5th Cir.) (court would dismiss pro se appeal concerning his sufficiency of the evidence claim despite plaintiff's inability to afford a transcript), cert. denied, 498 U.S. 901 (1990); Thomas v. Computax Corp., 631 F.2d 139, 142-43 (9th Cir. 1980) (inability to pay for transcript does make it "unavailable" within the meaning of Rule 10(c) which allows plaintiff to prepare a statement of evidence based on his or her recollection; court dismissed appeal).
 
 
 10
 Plaintiff has not renewed his request for a transcript in this court nor has he appealed the district court's denial under Sec. 753(f). In any event, the fact that a witness gave inconsistent testimony at a prior trial does not itself raise a substantial question. Credibility determinations are solely reserved for the jury. See Glasser v. United States, 315 U.S. 60, 80 (1942). Thus, even taking plaintiff's claim at face value, there is no merit to the appeal.
 
 
 11
 The judgment of the district court is affirmed.