42 F.3d 1384
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Marlene Faye ROACH, Defendant, Appellant.
 No. 93-1984.
 United States Court of Appeals,
First Circuit.
 Nov. 29, 1994.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge ]
 Marlene Faye Roach on brief pro se.
 Jay P. McCloskey, United States Attorney, Elizabeth Woodcock, Assistant United States Attorney, and Margaret D. McGaughey, Assistant United States Attorney, On Memorandum Of Law In Support Of Motion for Summary Disposition for appellee.
 D.Me.
 AFFIRMED.
 Before Cyr, Boudin and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant Marlene Faye Roach was convicted after a jury trial of two counts of submitting false claims for the reimbursement of travel expenses to the United States Postal Service in violation of 18 U.S.C. Sec. 287. She appeals pro se from her conviction and sentence and raises four arguments. First, appellant says that the district court erred in denying her motion to suppress certain incriminatory statements that she made to two postal inspectors during the course of an audit of the Athens, Maine post office.[1] Second, appellant argues that the district court erred in admitting into evidence photocopies of the travel vouchers that appellant used to support her claims for reimbursement. Third, appellant contends that the district court erred by allowing the testimony of one of the appellant's witnesses(i.e., the Rangley postmaster) to be "influenced." Finally, appellant says that she has been denied her constitutional rights to counsel, due process, and access to the courts, primarily because she was not allowed to proceed on appeal in forma pauperis (IFP).
 
 
 2
 At the outset we observe that appellate review has been somewhat hampered because appellant failed to secure copies of the trial transcripts. "[I]t is the appellant's responsibility to ensure that the record is complete, i.e., that it contains all papers necessary for the determination of the issues presented by the appeal." Muniz Ramirez v. Puerto Rico Fire Services, 757 F.2d 1357, 1358 (1st Cir. 1985). Nevertheless, we have thoroughly reviewed the parties' briefs and the record on appeal and have considered each of the appellant's claims to the extent possible on the record before us. See Valedon Martinez v. Hospital Presbiteriano, 806 F.2d 1128, 1135 (1st Cir. 1986). We find no merit in any of the appellant's contentions.
 
 
 3
 The transcript of the hearing on the motion to suppress indicates that after appellant received the Miranda warnings and signed a waiver of her rights, appellant admitted to two postal inspectors that she had submitted approximately $1000- $1500 in false travel claims to the Postal Service. She further explained that she had submitted the false claims due to various personal problems that had plagued her during the past year. On appeal, appellant argues that her waiver was not valid because she did not realize that she was a suspect when she signed the form waiving her rights. Rather, appellant believed that the postal inspectors wanted to discuss shortages that they had found in the accounts of other postal employees. The point has no merit. "[A] suspect's awareness of all the possible subjects of questioning in advance of interrogation is not relevant to determining whether the suspect voluntarily, knowingly, and intelligently waived his Fifth Amendment privilege." Colorado v. Spring, 479 U.S. 564, 577 (1987). Moreover, the district court found that appellant was not in custody when she made her remarks, and appellant does not challenge this finding on appeal.[2] As appellant was not in custody, the inspectors had no duty to give her the Miranda warnings, and it further was not necessary for appellant to waive her Miranda rights. Appellant's attack on the validity of her waiver therefore fails.[3]
 
 
 4
 Appellant's contention that the district court erred in admitting into evidence the photocopies of the travel vouchers does not state a coherent basis for this assignment of error, save for noting that appellant used the photocopies to prepare her income taxes. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Zannino, 895 F.2d 1, 17 (1st Cir.), cert. denied, 494 U.S. 1082 (1990). Thus, we will not review this claim. Appellant's claim that the district court erred by allowing the Rangley postmaster's testimony to be influenced is wholly without merit. While review of this claim is particularly difficult without the trial transcript, we have accepted appellant's description of the evidence adduced from this witness on direct and cross-examination. We discern nothing improper in the prosecutor's cross-examination or in the trial judge's failure to stop the cross-examination. Appellant's conclusory allegation that the Postal Inspection Service improperly influenced this witness is specious.
 
 
 5
 Finally, we note that the district court denied appellant's motion to proceed IFP after determining that she had sufficient assets to hire an attorney and prosecute this appeal herself. We previously issued an order upholding this ruling and nothing in appellant's brief suggests that our ruling was incorrect. Roach's remaining arguments on appeal are equally meritless. Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 Prior to her conviction, appellant was employed as the postmaster of that office
 
 
 [2]
 We note that appellant does not argue on appeal the grounds that her counsel urged below in support of her motion to suppress, i.e., that appellant was in custody when she made her incriminatory remarks and that her statements were not voluntary because appellant was under the influence of prescription drugs when she made them. While appellant has effectively waived these arguments, we have thoroughly reviewed the transcript of the hearing on the motion to suppress and are satisfied that the district court's rulings are fully supported by the record
 
 
 [3]
 Appellant also contends that she is innocent and that her statements to the postal inspectors did not constitute a "confession." She says that the postal inspectors inaccurately recounted her remarks. Credibility judgments are for the jury to make. Roach's protestation of innocence provides no basis for setting the verdict aside. Moreover, as this argument was not made below, it is not properly before us on appeal. See United States v. Mendoza-Acevedo, 950 F.2d 1, 3 (1st Cir. 1991)