**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 05-2808

JAIME NOEL SEPÚLVEDA-CARRERO,

Plaintiff, Appellant,

v.

JOHN V. RULLÁN, in his personal capacity and in his official
capacity as Secretary of Health; Commonwealth of Puerto Rico,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Boudin, Chief Judge,

Lynch and Howard, Circuit Judges.

Francisco R. González-Colon and F.R. Gonzalez Law Office, on
brief, for appellant.
Salvador J. Antonetti-Stutts, Solicitor General, Mariana
Negrón-Vargas, Deputy Solicitor General, Maite D. Oronoz-
Rodríguez, Deputy Solicitor General and Leticia Casalduc-Rabell,
Assistant Solicitor General, on brief, for appellees.

July 13, 2007

**Per Curiam**.  Jaime Noel Sepúlveda-Carrero appeals the entry of an award of attorney fees under 42 U.S.C. § 1988 in favor of Puerto Rico Secretary of Health John V. Rullán in his individual capacity.  The award followed a finding that Sepúlveda's political discrimination suit against Rullán was frivolous.  We affirm.

In 2001, Sepúlveda sued the Commonwealth of Puerto Rico and Rullán, in his official and personal capacities.  Sepúlveda alleged that unlawful political discrimination prompted his removal from the positions of Regional Medical Director, Aguadilla Sub-Region ("Sub-Regional Director") and Regional Medical Director, Aguadilla-Mayaguez Region ("Regional Director"), in violation of 42 U.S.C. § 1983.

Except for the individual capacity claim against Rullán, the district court dismissed Sepúlveda's claims.  Later, the court granted Rullán summary judgment on the remaining claim insofar as it pertained to the Regional Director position because "party affiliation [was] an appropriate requirement for the effective performance of the office."  But the court denied Rullán summary judgment insofar as the claim pertained to the Sub-Regional Director position on the ground that there was a material dispute over whether political affiliation was an appropriate requirement for this position.

Sepúlveda's claim concerning the Sub-Regional Director position went to trial.  At the close of Sepúlveda's case, Rullán

moved for judgment as a matter of law.  See Fed. R. Civ. P. 50. The court granted Rullán's motion, concluding that there was no evidence that Rullán knew of Sepúlveda's political affiliation before firing him.  The court subsequently awarded Rullán $16,235 in attorney's fees on the ground that Sepúlveda's claim was frivolous. Sepúlveda appeals from the fee ruling.

We review an appeal of an award of attorney's fees for an abuse of discretion.  See Foley v. City of Lowell, 948 F.2d 10, 18 (1st Cir. 1991).  Under 42 U.S.C. § 1988, a district court may award a defendant attorney's fees only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Tang v. State of R.I., Dept. of Elderly Affairs, 163 F.3d 7, 13 (1st Cir. 1998) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)).  A claim on which a plaintiff cannot present a prima facie case at the time she files a complaint may be frivolous.  See Andrade v. Jamestown Hous. Auth., 82 F.3d 1179, 1192 (1st Cir. 1996).  To establish a prima facie case of political discrimination, a plaintiff must show that the official who took the adverse action was aware of the plaintiff's political affiliation.  See Gonzalez-Pina v. Rodriguez, 407 F.3d 425, 431 (1st Cir. 2005).

Sepúlveda makes two arguments for overturning the district court's ruling.  First, he contends that the district

court abused its discretion in awarding attorney's fees because he "survived" Rullán's dismissal and summary judgment motions. Alternatively, he contends that a serious medical condition affected his ability to testify at trial and prevented him from fully articulating the evidence supporting his claim.

That Rullán's motion to dismiss was partially denied is irrelevant because the district court was required to accept all "allegations in the plaintiff's pleadings as true and [to] make all reasonable inferences in favor of the plaintiff." Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005). Sepúlveda's "survival" of the motion to dismiss means only that he had sufficiently pleaded at least one viable cause of action, not that he had any evidentiary support for his position. At summary judgment, Rullán argued only that he was entitled to judgment because the Regional and Sub-Regional Director jobs were trust positions. There was no argument at that time that Rullán did not know Sepúlveda's party affiliation before firing him.[1] Thus, that Sepúlveda's claim was not terminated at summary judgment does not mean that he had a foundation to establish the prima facie elements of his claim.

Sepúlveda's argument that a serious medical condition adversely affected his ability to testify at trial fails because he did not properly present it for appellate review. Sepúlveda did

_____

[1]Sepúlveda has not argued that the fee award was improper because of Rullán's failure to move for summary judgment on this basis.

not provide a transcript of the trial as required by Fed. R. App. P. 10(b) or any other evidence to support his claim of poor health. We will therefore not analyze this argument. See Ramirez v. P.R. Fire Servs., 757 F.2d 1357, 1358 (1st Cir. 1985) ("Where an appellant raises issues that are factually dependent yet fails to provide a transcript of the pertinent proceedings in the district court, this circuit has repeatedly held that we will not review the allegations.").

**Affirmed**.