**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1383
_____

DONALD D. PARKELL,
                    Appellant

v.

CHRISTOPHER SENATO, Food Services Administrator, in his individual and official
capacities; MATTHEW DUTTON, Inmate Grievance Coordinator, in his individual and
official capacities; FRANK PENNELL, Chaplain 2, in his individual and official
capacities

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-14-cv-00446)
District Judge:  Honorable Sue L. Robinson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 4, 2016

Before: FISHER, SHWARTZ and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  May 5, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Donald D. Parkell appeals from an order of the United States District Court for the District of Delaware denying his motion for a preliminary injunction. For the following reasons, we will affirm.

Parkell, a Delaware prisoner currently incarcerated at the James T. Vaughn Correctional Center, requested that he be provided with a kosher diet.[1] The prison's food service director advised him that "[i]n order to receive the kosher meals you need to have a rabbi verify to us that you are an Orthodox Jew."[2] After Parkell's prison grievance was rejected, he filed a complaint in the District Court, alleging violations of his First Amendment rights and his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA).[3] Thereafter, he filed motions for a preliminary injunction,

---

[1] Parkell stated that although he identifies as Jewish, his beliefs are "not in agreement with modern-day Jewish ideologies." In particular, Parkell explained that he believes in a "feminine deity, magical rites and practices, and openmindedness."

[2] The Appellees clarified in their Answering Brief that the "DOC makes no distinction between inmates who are Orthodox and non-Orthodox Jews." Nevertheless, as discussed below, the Appellees maintain that Parkell must have a rabbi "validate[]" his conversion to Judaism.

[3] In evaluating the reasonableness of a prison regulation under the First Amendment, courts consider four factors: (1) whether a rational connection exists between the prison policy regulation and a legitimate governmental interest advanced as its justification; (2) whether alternative means of exercising the right are available notwithstanding the policy or regulation; (3) what effect accommodating the exercise of the right would have on guards, other prisoners, and prison resources generally; and (4) whether ready, easy-to-implement alternatives exist that would accommodate the prisoner's rights. Turner v. Safley 482 U.S. 78, 89-91 (1987). RLUIPA prohibits the government from imposing a substantial burden on a prisoner's sincerely held religious beliefs. Washington v. Klem, 497 F.3d 272, 277 (3d Cir. 2007).

2

asking the District Court to order prison officials to provide him with kosher meals. The Defendants opposed those motions, arguing, inter alia, that Parkell had failed "to comply with the change of faith process" by having a "rabbi verify [his] conversion to Judaism." The District Court denied the preliminary injunction requests, stating that "[t]here is no indication that [Parkell] is prohibited from practicing his faith[,]" that "the record reflects that he has not converted to Judaism, a requirement to receive a kosher diet[,]" and that "providing kosher meals for all non-Jewish inmates could have a negative effect on the administration of the prison." Parkell appealed.[4]

Pursuant to 28 U.S.C. § 1292(a)(1), this Court has appellate jurisdiction over an appeal from an interlocutory order of the District Court denying a motion for an injunction.[5] We "review the denial of a preliminary injunction for an abuse of discretion, an error of law, or a clear mistake in the consideration of proof." Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (internal quotations omitted). To obtain a preliminary injunction, the moving party must establish: "(1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that

---

[4] Thereafter, the parties filed cross-motions for summary judgment, which remain pending in the District Court.

[5] Section 1292(a)(1) is construed narrowly to permit immediate appeal of an order denying an injunction only when, inter alia, it denies the ultimate relief sought and the denial is based on the merits of the substantive issues in the case. See Hershey Foods Corp. v. Hershey Creamery Co., 945 F.2d 1272, 1276-77 & n.7 (3d Cir. 1991). Because Parkell's complaint and his motion for an injunction both seek to require the Defendants to provide him with kosher meals, jurisdiction exists over the order denying on the merits the request for an injunction.

3

granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Id. "A party seeking a mandatory preliminary injunction that will alter the status quo bears a particularly heavy burden in demonstrating its necessity." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994). We have stated that "[p]reliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances." Kos Pharm., Inc., 369 F.3d at 708.

Based on our review of the sparse record here, we cannot conclude that the District Court abused its discretion in denying the requests for a preliminary injunction. The Appellees argue that Parkell's failure to comply with the "Change of Faith" process, which "includes the mandate to have the conversion validated by an outside rabbi[,]" is "fatal to his appeal." We decline to definitively rule on the validation requirement,[6] but conclude that, on the record as it existed at the time that the injunction motions were denied, Parkell failed to meet the heavy burden of establishing his right to injunctive relief. See Resnick v. Adams, 348 F.3d 763, 768-71 (9th Cir. 2003) (holding, under the Turner four-factor test, that policy requiring inmates to submit a standardized application to obtain kosher meals did not violate inmate's constitutional rights). But see Koger v. Bryan, 523 F.3d 789, 799 (7th Cir. 2008) (stating, in dicta, that "a clergy verification requirement forms an attenuated facet of any religious accommodation regime because

---

[6] We note that the Appellees have not cited, nor have we located, any authority for such a requirement.

4

clergy opinion has generally been deemed insufficient to override a prisoner's sincerely held religious belief.").

The District Court and the parties are reminded, however, that "a court's findings and conclusions at the preliminary injunction stage are by nature *preliminary* . . ., and therefore are not binding at summary judgment." Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 5328 n.4 (7th Cir. 2000); see also Clark v. K-Mart Corp., 979 F.2d 965, 969 (3d Cir. 1992) (stating that "because of the limited nature of the proceedings resulting in the preliminary injunction, any findings of fact and conclusions of law made at the preliminary stage are of no binding effect whatsoever." (citing Univ. of Tex. v. Camenisch, 451 U.S. 390, 395-96 (1981))). In this connection, we note that the summary judgment record contains material that was not considered by the District Court when evaluating the motions for a preliminary injunction. See In re Application of Adan, 437 F.3d 381, 388 n.3 (3d Cir. 2006) ("we will not consider new evidence on appeal absent extraordinary circumstances."); see also LeBeau v. Spirito, 703 F.2d 639, 643 (1st Cir. 1983) (stating that "'findings' and 'holdings' as to the merits of the case [in reviewing the denial of a preliminary injunction motion] are not final but should be understood to be merely statements of probable outcomes based on the record as it existed before the district court."). Furthermore, the District Court adjudicated the preliminary injunction motions without the benefit of the Supreme Court's decision in Holt v. Hobbs, 135 S. Ct. 853, 860 (2015) (reaffirming that RLUIPA was passed to provide "greater protection" for religious liberty than is provided by the First Amendment).

For the foregoing reasons, we will affirm the District Court's order denying

Parkell's motions for a preliminary injunction.[7]

---

[7] Nothing herein precludes the Appellant from renewing his motion for a preliminary injunction before the District Court based upon law or evidence not available to the District Court at the time of the motion was made.