COFFIN, Senior Circuit Judge.
 

 This Puerto Rico political discharge case was brought by five regional directors of the Department of Commerce against former Secretary Aquino in his individual and official capacities.
 
 [1]
 
 Plaintiffs prevailed in the district court after a non-jury trial of several days. The district court ordered their reinstatement with back pay, compensatory damages in the amount of $48,000, punitive damages in the amount of $5,000, and attorney’s fees. We must set aside the judgment awarding back pay, and compensatory and punitive damages. Because of the failure on the part of appellants to provide us in a timely manner with a transcript and transcript references, we must let stand the judgment as to reinstatement without fully evaluating its merits.
 

 Back Pay
 

 The district court, without elaboration, ordered defendant Santiago to reinstate plaintiffs to their positions as regional directors in the Department of Commerce, with back pay. Such monetary relief ordered against an official in his official capacity, being in effect sought against a department of the government of the Commonwealth of Puerto Rico, runs directly against the Eleventh Amendment and cannot be awarded.
 
 Echevarria Gonzalez v. Gonzalez Chapel,
 
 849 F.2d 24, 32 (1st Cir.1988);
 
 Fernandez v. Chardon,
 
 681 F.2d 42, 58-60 (1st Cir.1982). Plaintiffs-Appellees have mistakenly relied on other cases not involving suits against state governments. They can draw no comfort from
 
 Estrada Izquierdo v. Aponte Roque,
 
 850 F.2d 10, 19 (1st Cir.1988), where the issue of back pay was held to be improperly decided at a hearing confined to injunc-tive relief and the case was remanded for a hearing where the government defendant would “have the opportunity to raise any possible defenses.” Nor are they supported by
 
 Figueroa Rodriguez v. Aquino,
 
 863 F.2d 1037, 1043 (1st Cir.1988), where we remanded to the district court a back pay order directed to the Puerto Rico Commercial Development Company, a governmental entity whose chief executive officer is appointed by the Secretary of Commerce,
 
 *537
 
 for the purpose of determining whether such company was an alter ego of the Commonwealth. In the instant case, there is no doubt that the Department of Commerce is an alter ego.
 

 Qualified Immunity
 

 The district court also assessed compensatory and punitive damages against defendant Aquino in his individual capacity, relief which can be given only if Aquino was not protected for his actions in the spring of 1985 by the doctrine of qualified immunity. The district court relied completely upon a decision of the Commonwealth Supreme Court involving the precise office of regional director of the Commerce Department,
 
 Ramos Villanueva v. Secretary of Commerce,
 
 112 P.R. Dec. 512 (1982), in which the Commonwealth court held that there had been no evidence demonstrating the appropriateness of a particular political affiliation for the effective discharge of the position. While such a holding is not to be disregarded, we have long made it clear that “[t]he question is whether defendant should have reasonably known when he discharged [plaintiff] that the
 
 federal
 
 law was clearly established against his action.”
 
 Rodriguez Rodriguez v. Munoz Munoz,
 
 808 F.2d 138, 142 (1st Cir.1986). Our own cases concerning officials in “ ‘upper level’ managerial-type government positions” have consistently held that generally early in 1985 the law was not clearly established forbidding dismissal of such officials.
 
 Juarbe Angueira v. Arias,
 
 831 F.2d 11, 13 (1st Cir.1987). More recently in
 
 Figueroa Rodriguez v. Lopez Rivera,
 
 878 F.2d 1478, 1480-81 (1st Cir.1989) (en banc), we reiterated our holding, referring to a considerable catalog of regional director cases in which we had found qualified immunity on the part of government officials for similar actions in the same time period.
 
 [2]
 
 To this list we should add
 
 Bonilla v. Nazario,
 
 843 F.2d 34 (1st Cir.1988), which concerned the same issue in connection with the closely analogous position, regional manager of the Puerto Rico Automobile Accident Compensation Administration.
 

 Although plaintiffs’ official job description reflects a position of less responsibility than those held by other regional directors, we cannot hold that it would have been clear in 1985 that a regional director in a politically sensitive agency such as the Department of Commerce would be protected from political discharge. We reiterate our previous observation that, “ ‘[although the law seems clear at either end of the
 
 El-rod-Branti
 
 spectrum, not enough precedent dealing with various upper-level governmental positions in the middle of the spectrum [had] yet emerged [in 1985] to enable one to easily classify such a position.’ ”
 
 Figueroa Rodriguez,
 
 863 F.2d at 1043 (quoting
 
 DeAbadia v. Izquierdo Mora,
 
 792 F.2d 1187, 1194 (1st Cir.1986) (Campbell, C.J., concurring)). In light of the uniform authority concerning regional directors and on the record in this case, we are compelled to conclude that Aquino is entitled to qualified immunity. The awards of compensatory and punitive damages, to-talling $53,000, must therefore be set aside.
 

 Reinstatement
 

 This is not an interlocutory appeal involving only qualified immunity but an appeal following a several day non-jury trial before the district court. Appellants nevertheless have chosen to rely in their primary brief solely on the official job description for the position and have made
 
 *538
 
 virtually no reference to evidence elicited at the trial and no reference to page numbers of the transcript.
 
 [3]
 
 We do know from the opinion of the district court that various witnesses testified, including one who described plaintiffs’ classification as “trust” employees as an anomaly and another who opined that the regional director in the Department of Commerce is a “highly technical bureaucrat.” Other evidence apparently was elicited indicating the relatively low salary levels of plaintiffs, comparable to those of solely technical personnel, and the practice of having one of the ten subordinate employees in a regional office substitute for the regional director in his or her absence. What other evidence was presented in the course of several days of trial remains a mystery to us.
 

 It is standard operating procedure for us in political discharge eases to give predominant importance to the official job description in determining questions of qualified immunity on interlocutory appeals. Once a full trial on the merits takes place, however, our inquiry into the legality of a discharge necessarily should encompass all of the evidence elicited by both sides. It is, however, a cardinal point in our analysis that we do not decide whether political affiliation is an appropriate requirement for a particular office on the basis of isolated or idiosyncratic performance in the office by individuals.
 
 Figueroa Rodriguez,
 
 863 F.2d at 1043;
 
 Jimenez Fuentes,
 
 807 F.2d at 242. Thus, even if plaintiffs offered evidence at trial that
 
 they
 
 never exercised any policymaking authority or were involved in confidential matters or official communication, they would not prevail if the evidence demonstrated that the “inherent powers” of the job traditionally have been understood to include the politically sensitive responsibilities listed in the official job description.
 

 Despite the limited relevance of the plaintiffs’ testimony concerning their individual experiences in a particular position, a conclusion that the defendants are entitled to qualified immunity does not inevitably lead to a finding for the defendants on the merits. The question on the merits is whether plaintiffs were protected from patronage dismissal “under present law as construed by the court,”
 
 Figueroa Rodriguez,
 
 863 F.2d at 1040, an inquiry that may require resolution of close questions of fact or law. The very fact that a question is close strengthens a defendant’s qualified immunity defense by indicating that the law was not
 
 clearly
 
 established in plaintiff’s favor. But where a close question exists, a finding of qualified immunity sheds no light on the outcome of the merits.
 
 [4]
 

 In the circumstances of this case, we are compelled to accept the district court’s finding that “none of the plaintiffs’ functions or duties make political affiliation an appropriate requisite for the effective performance of the duties of the position of Regional Director” of the Department of Commerce. Appellants not only failed to utilize the transcript in any significant way, but also failed to see to it that a copy of the transcript was timely filed with the district court. We have made inquiry as to this defect and are satisfied that no adequate excuse has been forthcoming. We see no reason to treat the Commonwealth differently from any other party and to assume the burden on its behalf of rummaging
 
 *539
 
 through the transcript in search of all relevant details. We therefore invoke our familiar rule, well known to the appellants, that “[w]here an appellant raises issues that are factually dependent yet fails to provide a transcript of the pertinent proceedings in the district court, this circuit has repeatedly held that we will not review the allegations.”
 
 Muniz Ramirez v. Puerto Rico Fire Services,
 
 757 F.2d 1357, 1358 (1st Cir.1985);
 
 see also Real v. Hogan,
 
 828 F.2d 58, 60 (1st Cir.1987). The limited evidence that' is before us does not demonstrate error by the district court. Even if the official job description accurately states the inherent duties of a Commerce Department regional director, the listing is sufficiently ambiguous that testimony at trial could have shown that the duties traditionally have been primarily technical and have involved no significant confidential or communicative matters.
 

 Accordingly, we set aside the judgment as to back pay, compensatory damages and punitive damages, let stand the judgment as to reinstatement, and remand the proceedings to the district court for determination of an appropriate attorney’s fee.
 

 Affirmed in part, reversed in part, and remanded. No costs.
 

 [1]
 

 . During the pendency of the case, Jorge Aquino resigned his position and was replaced as Secretary of Commerce by Jorge Santiago. The action therefore continued against Aquino solely in his individual capacity, and Santiago was automatically substituted as a party in his official capacity as Secretary.
 
 See
 
 Fed.R.Civ.P. 25(d).
 

 [2]
 

 .
 
 “See Juarbe-Angueira,
 
 [831 F.2d at 11] (regional director of Building Authority);
 
 Roman-Melendez v. Inclan,
 
 826 F.2d 130 (1st Cir.1987) (regional director of the General Services Administration);
 
 Echevarria v. Gracia-Anselmi,
 
 823 F.2d 696 (1st Cir.1987) (regional director of Right to Employment Administration);
 
 Perez-Quintana
 
 v.
 
 Gracia-Anselmi,
 
 817 F.2d 891 (1st Cir.1987) (same);
 
 Raffucci-Alvarado [v. Zayas,
 
 816 F.2d 818 (1st Cir.1987) ] (regional director of the Department of Social Services);
 
 Alicea-Rosado [v. Zayas,
 
 813 F.2d 1263 (1st Cir.1987) ] (same);
 
 Monge-Vazquez v. Rohena-Betancourt,
 
 813 F.2d 22 (1st Cir.1987) (regional director of Department of Natural Resources);
 
 Collazo-Riv-era v. Torres Gaztambide,
 
 812 F.2d 258 (1st Cir.1986) (regional director of the Rural Housing Administration for the Department of Housing);
 
 Jimenez-Fuentes v. Torres-Gaztambide,
 
 [807 F.2d 236 (1st Cir.1986) (en banc) ] (regional director of Urban Development and Housing Corporation).” 878 F.2d at 1485.
 

 [3]
 

 . In their reply brief, appellants state that they relied exclusively on the job description in their primary brief because the transcript was not available. The transcript apparently was obtained later, and appellants included 13 pages of Aquino's testimony as an addendum to the reply brief. They did not, however, file the transcript with the district court until requested to do so by our clerk’s office following inquiry by this panel.
 

 [4]
 

 . Divergent results on qualified immunity and the merits can, of course, also occur when a defendant is
 
 denied
 
 qualified immunity. We have always recognized that, in the event of a denial of immunity, defendants are “free to attempt to produce at trial additional evidence to demonstrate that [the positions in question] do come within the sphere of confidentiality sufficiently to render political affiliation an appropriate criterion for [plaintiffs’] jobs."
 
 Vazquez Rios v. Hernandez Colon,
 
 819 F.2d 319, 329 (1st Cir.1987).
 
 See also, Fontane-Rexach v. Puerto Rico Electric Power Authority,
 
 878 F.2d 1493, 1498 n. 6 (1st Cir.1988) (reinstated panel opinion subsequent to en banc).