74 F.3d 1224
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES of America, Plaintiff, Appellee,
v.
Dennis L. MASON, Defendant, Appellant.
 No. 95-1721.
 United States Court of Appeals, First Circuit.
 Jan. 25, 1996.
 
 1
 Richard H. Gens for appellant.
 
 
 2
 Pamela Merchant, Trial Attorney, United States Department of Justice, with whom Donald K. Stern, United States Attorney, Mark D. Seltzer, Acting Director, New England Bank Fraud Task Force, and Mark Adler, Senior Trial Attorney, United States Department of Justice, were on brief for appellee.
 
 
 3
 SELYA, CYR and STAHL, Circuit Judges,
 
 PER CURIAM
 
 4
 Dennis L. Mason appeals his convictions and sentences for bankruptcy fraud, bank fraud, and money laundering, see 18 U.S.C. Secs. 152, 1344, 1957. We affirm.
 
 
 5
 In December 1987, Mason and First Service Bank for Savings ("First Service") finalized a loan agreement whereby First Service was to advance $5 million to Concord Woods North Realty Trust ("Realty Trust") for the sole purpose of acquiring and developing twenty-five acres of real estate in Concord, New Hampshire. On the closing date, First Service disbursed over $2.4 million to Mason, as trustee of Realty Trust; Mason immediately directed that approximately $200,000 be deposited in his personal account at the Bank of Boston. The day after the closing, Mason disbursed $12,000 from this personal account toward the purchase of jewelry for his wife.
 
 
 6
 During 1988, Mason diverted approximately $860,000 in First Service loan proceeds to purposes unrelated to the Realty Trust project, including a $500,000 transfer to an Ohio account in the name of his lawyer. Between March and August 1989, he transferred another $100,000 in loan proceeds to a bank account in his wife's name.
 
 
 7
 After First Service Bank closed and its assets were acquired by the Federal Deposit Insurance Corporation ("FDIC") in March 1989, Realty Trust filed a chapter 7 petition, in which Mason, as trustee, failed to disclose any of the above-described diversions of First Service loan funds. In May 1989, at a meeting of creditors in the Realty Trust bankruptcy proceeding, Mason testified that all First Service loan proceeds had been applied to the Realty Trust real estate project. Mason later made similar misrepresentations to FDIC attorneys in September 1989, and again in 1992. In March 1992, he destroyed his business records. Two months later he filed his own personal chapter 7 bankruptcy petition.
 
 
 8
 Mason first claims that the district court failed to instruct the jury on the essential elements of the crime of bank fraud under section 1344.[1] Since Mason failed to object to the jury instruction, we review only for plain error. See United States v. Hurley, 63 F.3d 1, 9 (1st Cir.1995). The challenged jury instruction met the three-part standard established in United States v. Brandon, 17 F.3d 409, 424 (1st Cir.) (bank fraud elements under 18 U.S.C. Sec. 1344 require showing that defendant knowingly engaged in a scheme or artifice to defraud, or made false statements or misrepresentations to obtain money from, bank), cert. denied, 115 S.Ct. 80 (1994). There was no error, let alone plain error.
 
 
 9
 Mason next contends that the district court committed reversible error by rejecting his motion for judgment of acquittal on the bank fraud charge, since there was insufficient evidence that he had embarked on a scheme to defraud the bank by the time the loan documents were executed in December 1987. We evaluate the evidence in the light most favorable to the verdict, which must be affirmed if a rational jury could have found Mason guilty beyond a reasonable doubt. United States v. Vavlitis, 9 F.3d 206, 212 (1st Cir.1993).
 
 
 10
 Although Mason attempts to explain the $12,000 disbursement from his personal account at Bank of Boston to pay for jewelry for his wife the day after receiving the initial advance from First Service on the Realty Trust loan, there can be no question that this virtually contemporaneous evidence was sufficient to enable the jury reasonably to infer that the scheme to defraud had been formulated by the time the loan closing occurred. Moreover, larger diversions of the Realty Trust loan proceeds began within three months after the loan documents were executed. The jury was free to infer from this reasonably proximate subsequent conduct that Mason's fraudulent intent to engage in the scheme had originated by the time he executed the loan documents, especially since he presented no compelling explanation for embarking upon the improper loan diversions the day after the closing. See United States v. Sutton, 970 F.2d 1001, 1007 (1st Cir.1992) ("testimony, though it centered around later-occurring events, was relevant to show appellant's intent at an earlier date"); United States v. Mena, 933 F.2d 19, 25 n. 5 (1st Cir.1991) (similar).
 
 
 11
 Mason raises two sentencing claims. First, he argues that the two-level sentencing enhancement for more than "minimal planning," see U.S.S.G. Sec. 2F1.1(b)(2), was unwarranted because the bank fraud, bankruptcy fraud, and money laundering conduct constituted "singular transactions" or "single acts." We find no clear error. See Brandon, 17 F.3d at 459. The record reveals that Mason repeatedly diverted First Service loan proceeds to personal and other improper purposes throughout much of 1988 and 1989. Thus, the sentencing enhancement for more than minimal planning simply reflected the reality that his prolonged conduct was no "spur of the moment" undertaking. United States v. Gregorio, 956 F.2d 341, 343 (1st Cir.1992).
 
 
 12
 Second, Mason claims that the total loss calculation was clearly erroneous. He relies on a $4 million appraisal of the Concord Woods North property, whereas the district court relied on a $110,000 FDIC appraisal. We review the valuation ruling for clear error. United States v. Tardiff, 969 F.2d 1283, 1288 (1st Cir.1992). The record discloses that the district court reasonably could have found that Mason's appraisal overstated the number of single-family homes the Concord Woods North property could accommodate and relied on inflated valuations for individual building lots. On the other hand, the much lower FDIC appraisal figure is the product of alternative valuation methods; viz., an "income capitalization approach" and a "comparable land sales approach." See U.S.S.G. Sec. 6A1.3(a) ("the court may consider relevant information ... provided that the information has sufficient indicia of reliability to support its probable accuracy."). On this record, there was no clear error in the district court finding that the defendant's valuation was less reliable than that of the FDIC. United States v. Tejada-Beltran, 50 F.3d 105, 110 (1st Cir.1995) ("[T]he sentencing court's choice among supportable alternatives cannot be clearly erroneous.") (quoting United States v. Ruiz, 905 F.2d 499, 508 (1st Cir.1990)).
 
 
 13
 Finally, Mason presents an "ineffective assistance" claim based on trial counsel's alleged failure (1) to object to a supplemental jury instruction on bank fraud, and (2) to move for a new trial based on the same instruction. See United States v. Ortiz, 23 F.3d 21 (1st Cir.1994) (entertaining "ineffective assistance" claim on direct appeal where record was sufficiently developed and critical facts were not in dispute).
 
 
 14
 The instruction in question informed the jury that appellant could be convicted upon "whatever scheme you find the government has proven beyond a reasonable doubt." (Emphasis added.) Mason asserts that this rendered the indictment "duplicitous." We disagree. The challenged instruction simply permitted the jury to convict based on a scheme plainly alleged in the indictment. The evidence adduced at trial worked no broadening of the scheme alleged in the indictment. See United States v. Miller, 471 U.S. 130, 145 (1985). The ineffective assistance claim therefore fails as Mason has not demonstrated "prejudice" from the alleged omission by trial counsel. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 15
 Affirmed. See 1st Cir. R. 27.1.
 
 
 
 [1]
 As many arguments advanced by Mason on appeal are redundant, undeveloped, unpreserved, or patently frivolous, they merit no discussion. In particular, since Mason mounts only a perfunctory challenge to the bankruptcy fraud instructions, see United States v. Zannino, 895 F.2d 1, 17 (1st Cir.), cert. denied, 494 U.S. 1082 (1990), and the record on appeal does not include the challenged instructions, see Fed. R.App. P. 10(b), 11(a); see Plummer v. Springfield Terminal Ry. Co., 5 F.3d 1, 5 (1st Cir.1993) (merits not reached because pertinent material not included in record on appeal), cert. denied, 114 S.Ct. 1057 (1994); United States v. One Motor Yacht Named Mercury, 527 F.2d 1112, 1113-14 (1st Cir.1975), we deem the claim abandoned