[Not for Publication]
 United States Court of Appeals
 For the First Circuit
 

No. 96-1312

 UNITED STATES OF AMERICA,

 Plaintiff, Appellee,

 v.

 REYNALDO GONZALEZ-VEGA,

 Defendant, Appellant.

No. 96-1313

 UNITED STATES OF AMERICA,

 Plaintiff, Appellee,

 v.

 SANTOS OTERO-ROLON,

 Defendant, Appellant.
 

 APPEALS FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Jose Antonio Fuste, U.S. District Judge] 

 

 Before

 Torruella, Chief Judge, 
 Coffin, Senior Circuit Judge, 
 and Stahl, Circuit Judge. 

 

Luis Rafael Rivera, by Appointment of the Court, for appellant 
Reynaldo Gonzalez-Vega.
Miguel A.A. Nogueras-Castro, by Appointment of the Court, with 

whom Benicio Sanchez-River, Federal Public Defender and Carol A. 
Vazquez-Alvarez, Assistant Federal Public Defender, were on brief for 
appellant Santos Otero-Rolon.
Jacabed Rodriguez Coss, Assistant United States Attorney, with 
whom Guillermo Gil, United States Attorney, and Jose A. Quiles, 
Assistant United States Attorney, were on brief for appellee.

 

 MAY 1, 1997
 

 STAHL, Circuit Judge. Defendants-appellants STAHL, Circuit Judge. 

Reynaldo Gonzalez-Vega and Santos Otero-Rolon pleaded guilty

to one count of aiding and abetting each other in the

possession, with intent to distribute, of three kilograms of

cocaine, in violation of 21 U.S.C. 841(a)(1), and 18 U.S.C.

 2. At sentencing, the district court imposed upon each

defendant the statutory minimum term of sixty months'

imprisonment. See 21 U.S.C. 841(b)(1)(B). They now appeal 

the court's finding that they failed to meet the criteria of

the "safety valve" provision for relief from mandatory

minimum sentences. See 18 U.S.C. 3553(f)(1)-(5); U.S.S.G. 

 5C1.2. Finding no clear error in the court's sentencing

determination, we affirm.

 I. I. 

 Pertinent Facts and Prior Proceedings Pertinent Facts and Prior Proceedings 

 The facts as set forth in the plea agreement, and

to which the parties agreed at the change of plea hearing,

are as follows. On August 21, 1995, postal employees at the

Hato Rey Post Office in San Juan, Puerto Rico, noticed two

suspicious Express Mail parcels addressed to Rochester, New

York. Upon investigation, both return addresses were found

to be nonexistent. In addition, a U.S. Customs Canine Unit

detected the presence of a controlled substance in both

packages. Pursuant to a search warrant, the contents of the

packages were field tested and determined to be cocaine.

 -2- 2

Postal agents forwarded one package ("package No. 1") to

Rochester, New York for a controlled delivery. Postal

inspectors retained the other package ("package No. 2") for a

possible "reverse delivery."

 Surprisingly, three days later Otero-Rolon decided

to effectuate the reverse delivery. Armed with the customer

copy of the Express Mail receipt, he claimed and signed for

package No. 2, which the authorities had already determined

contained approximately three kilograms of cocaine. At that

time, a postal inspector surveilling the customer parking lot

outside the post office noticed Gonzalez-Vega loitering at

the facility's exit doors. Gonzalez-Vega then entered the

post office and made eye contact with Otero-Rolon. Moments

later, both men exited with package No. 2. Agents arrested

the two men and subsequently charged them with respect to the

drugs in that package. Post office clerks identified

Gonzalez-Vega as the person who mailed package No. 1 and

Otero-Rolon as the person who mailed package No. 2.

 Thereafter, both men pleaded guilty pursuant to a

plea agreement in which the parties stipulated to various

sentencing recommendations, including: a base offense level

of 28 under U.S.S.G. 2D1.1, a three level reduction for

their mitigating roles in the offense, and an additional

three level reduction for acceptance of responsibility. The

plea agreement acknowledged possible further relief if the

 -3- 3

defendants met the criteria contained in the "safety valve"

provision. See 18 U.S.C. 3553(f)(1)-(5); U.S.S.G. 5C1.2. 

 At the sentencing hearing, the district court found

the stipulated base offense level and downward adjustments

applicable to the defendants. The court determined, however,

that neither Gonzalez-Vega nor Otero-Rolon truthfully

provided the government all information concerning the

offense, as required by 18 U.S.C. 3553(f)(5).

Consequently, the court declined to afford either defendant

any relief from the statutory minimum term of imprisonment.

This appeal ensued.

 II. II. 

 Discussion Discussion 

 Gonzalez-Vega and Otero-Rolon argue that the

district court clearly erred in finding that they failed to

meet the five criteria listed in the safety valve provision.

That provision, if applicable, requires a sentencing court to

disregard the statutorily imposed mandatory minimum sentence

and impose sentence pursuant to the Sentencing Guidelines.

See 18 U.S.C. 3553(f). The government concedes that both 

men met the first four of the criteria. See 18 U.S.C.  

3553(f)(1)-(4). In dispute is the fifth criterion, which

requires a defendant to "truthfully provide[] to the 

Government all information and evidence the defendant has" 

 -4- 4

regarding the offense. 18 U.S.C. 3553(f)(5) (emphasis

added).1

 In order to qualify for safety valve relief, the

defendant must persuade the court that he meets all of the

requirements. See United States v. Montanez, 82 F.3d 520, 

523 (1st Cir. 1996). We review for clear error the district

court's factual determinations underlying the question

whether a defendant is entitled to such relief. See United 

States v. Miranda-Santiago, 96 F.3d 517, 527 (1st Cir. 1996). 

"Where there is more than one plausible view of the

circumstances, the sentencing court's choice among

supportable alternatives cannot be clearly erroneous."

United States v. D'Andrea, 107 F.3d 949, 958 (1st Cir. 1997). 

 Previously, we have found clear error in the denial

of safety valve relief where "the government did not rebut

  

1. In full, the fifth criterion requires that

 not later than the time of the sentencing
 hearing, the defendant has truthfully
 provided to the Government all
 information and evidence the defendant
 has concerning the offense or offenses
 that were part of the same course of
 conduct or of a common scheme or plan,
 but the fact that the defendant has no
 relevant or useful other information to
 provide or that the Government is already
 aware of the information shall not
 preclude a determination by the court
 that the defendant has complied with this
 requirement.

18 U.S.C. 3553(f)(5).

 -5- 5

[defendant's] facially plausible tale of limited involvement

by pointing to information [the] defendant must have known."

Miranda-Santiago, 96 F.3d at 529. Thus, a sentencing court's 

"bare conclusion" that the defendant failed to cooperate

within the meaning of 3553(f)(5) is insufficient to support

such a finding "absent either specific factual findings or

easily recognizable support in the record." Id. 

 We consider the facts and legal challenges with

respect to each defendant in turn.

A. Otero-Rolon 

 At his change of plea hearing and in his plea

agreement, Otero-Rolon admitted that a postal clerk

identified him as having mailed package No. 2. The day

before the sentencing hearing, however, at a debriefing with

the government, he denied that he mailed the package. The

court found the later denial incredible and concluded that it

created the likelihood of an absence of information

concerning the identity of the person who supplied the drugs

and other particulars surrounding the package. Presented

with Otero-Rolon's recantation, the resulting factual vacuum,

and other inconsistencies in his informative proffers,2 the

district court found that Otero-Rolon did not truthfully

  

2. For example, Otero-Rolon originally told the government
that Gonzalez-Vega asked him to pick up the Express Mail
package, then later stated that an acquaintance he chanced
upon at a shopping mall hired the two defendants to retrieve
the parcel.

 -6- 6

provide all information to the government within the meaning

of 3553(f)(5). See United States v. Wrenn, 66 F.3d 1, 3 

(1st Cir. 1995) (explaining that defendant failed to provide

"all" information regarding convicted offense where, after

claiming to have numerous drug customers, defendant "supplied

nary a name to the government").

 Unlike the sentencing court in Miranda-Santiago, 

here, the court identified specific and supportable reasons

for concluding that Otero-Rolon was neither truthful nor

completely forthcoming in providing information.

Furthermore, contrary to the defendant's proffer in Miranda- 

Santiago, Otero-Rolon's later denials and new explanations 

rendered his inexplicit final version implausible on its

face. While the court could have found that Otero-Rolon had,

in the end, provided the government with all pertinent

information he had, its rejection of that conclusion reflects

a readily plausible view of the evidence. Therefore, we find

no clear error in the court's factual determination that

Otero-Rolon did not meet the fifth requirement of the safety

valve provision.3 

  

3. Otero-Rolon suggests that the district court denied him
the opportunity to provide further relevant information at
his sentencing hearing. He also intimates that, had the
court queried him, it would have found credible his latest
version of the facts surrounding the offense. Our review of
the record shows otherwise. At the hearing, the court
directly asked Otero-Rolon whether or not he had any
information to present other than that found in his previous
submissions. Otero-Rolon replied that he did not. The fact

 -7- 7

B. Gonzalez-Vega 

 Like Otero-Rolon, Gonzalez-Vega asserts that he

truthfully disclosed all information that he might reasonably

have been expected to possess. Our review of Gonzalez-Vega's

contention that the court's findings were clearly erroneous,

however, is severely hindered by his failure to provide

copies of the sentencing hearing transcript. See Fed. R. 

App. P. 10(b)(2) (requiring appellant to provide transcript

when challenging a finding on the basis of evidentiary

insufficiency). We have repeatedly held that, "[w]here an

appellant raises issues that are factually dependant yet

fails to provide a transcript of the pertinent proceedings in

the district court, . . . we will not review the

allegations." Muniz Ramirez v. Puerto Rico Fire Servs., 757 

F.2d 1357, 1358 (1st Cir. 1985); see also Plummer v. 

Springfield Terminal Ry. Co., 5 F.3d 1, 5 (1st Cir. 1993); 

Batistini v. Aquino, 890 F.2d 535, 539 (1st Cir. 1989). We 

see no reason to depart from that rule in this case.

 We do note, however, that both the government's and

Gonzalez-Vega's appellate briefs indicate that Gonzalez-Vega

not only told materially inconsistent stories concerning the

offense, he may have purposely withheld information as well.

On the record before us, we can only conclude that the

  

that the court did not find his final story truthful does not
mean that the court deprived Otero-Rolon of the opportunity
to render that account. 

 -8- 8

sentencing court's finding that Gonzalez-Vega failed to

satisfy section 3553(f)(5) was reasonable considering the

evidence before it.4

 III. III. 

 Conclusion Conclusion 

 For the reasons stated above, we will not disturb

the district court's finding that the defendants were not

entitled to relief under the safety valve provision.

Affirmed. Affirmed. 

  

4. At oral argument before this court, Gonzalez-Vega claimed
that the district court erroneously denied him the benefits
of the safety valve provision because the information he
withheld from the government concerned conduct unrelated to
the charged offense. See Wrenn 66 F.3d at 3 (declining to 
define the scope of the phrase "offense or offenses that were
part of the same course of conduct or of a common scheme or
plan" within the meaning of 18 U.S.C. 3553(f)(5)). We will
not consider this unpreserved contention, raised at oral
argument for the first time. See United States v. De Leon 
Ruiz, 47 F.3d 452, 455 n.1 (1st Cir. 1995). Furthermore, 
Gonzalez-Vega's failure to furnish a sentencing transcript
thwarts any meaningful analysis of this issue.

 -9- 9