USCA1 Opinion

 

 [Not for Publication] United States Court of Appeals For the First Circuit ____________________ No. 96-1312 UNITED STATES OF AMERICA, Plaintiff, Appellee, v. REYNALDO GONZALEZ-VEGA, Defendant, Appellant. No. 96-1313 UNITED STATES OF AMERICA, Plaintiff, Appellee, v. SANTOS OTERO-ROLON, Defendant, Appellant. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jose Antonio Fuste, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Coffin, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ ____________________ Luis Rafael Rivera, by Appointment of the Court, for appellant ___________________ Reynaldo Gonzalez-Vega. Miguel A.A. Nogueras-Castro, by Appointment of the Court, with ____________________________ whom Benicio Sanchez-River, Federal Public Defender and Carol A. ______________________ _________ Vazquez-Alvarez, Assistant Federal Public Defender, were on brief for _______________ appellant Santos Otero-Rolon. Jacabed Rodriguez Coss, Assistant United States Attorney, with _______________________ whom Guillermo Gil, United States Attorney, and Jose A. Quiles, ______________ ________________ Assistant United States Attorney, were on brief for appellee. ____________________ MAY 1, 1997 ____________________ STAHL, Circuit Judge. Defendants-appellants STAHL, Circuit Judge. _____________ Reynaldo Gonzalez-Vega and Santos Otero-Rolon pleaded guilty to one count of aiding and abetting each other in the possession, with intent to distribute, of three kilograms of cocaine, in violation of 21 U.S.C. 841(a)(1), and 18 U.S.C. 2. At sentencing, the district court imposed upon each defendant the statutory minimum term of sixty months' imprisonment. See 21 U.S.C. 841(b)(1)(B). They now appeal ___ the court's finding that they failed to meet the criteria of the "safety valve" provision for relief from mandatory minimum sentences. See 18 U.S.C. 3553(f)(1)-(5); U.S.S.G. ___ 5C1.2. Finding no clear error in the court's sentencing determination, we affirm. I. I. __ Pertinent Facts and Prior Proceedings Pertinent Facts and Prior Proceedings _____________________________________ The facts as set forth in the plea agreement, and to which the parties agreed at the change of plea hearing, are as follows. On August 21, 1995, postal employees at the Hato Rey Post Office in San Juan, Puerto Rico, noticed two suspicious Express Mail parcels addressed to Rochester, New York. Upon investigation, both return addresses were found to be nonexistent. In addition, a U.S. Customs Canine Unit detected the presence of a controlled substance in both packages. Pursuant to a search warrant, the contents of the packages were field tested and determined to be cocaine. -2- 2 Postal agents forwarded one package ("package No. 1") to Rochester, New York for a controlled delivery. Postal inspectors retained the other package ("package No. 2") for a possible "reverse delivery." Surprisingly, three days later Otero-Rolon decided to effectuate the reverse delivery. Armed with the customer copy of the Express Mail receipt, he claimed and signed for package No. 2, which the authorities had already determined contained approximately three kilograms of cocaine. At that time, a postal inspector surveilling the customer parking lot outside the post office noticed Gonzalez-Vega loitering at the facility's exit doors. Gonzalez-Vega then entered the post office and made eye contact with Otero-Rolon. Moments later, both men exited with package No. 2. Agents arrested the two men and subsequently charged them with respect to the drugs in that package. Post office clerks identified Gonzalez-Vega as the person who mailed package No. 1 and Otero-Rolon as the person who mailed package No. 2. Thereafter, both men pleaded guilty pursuant to a plea agreement in which the parties stipulated to various sentencing recommendations, including: a base offense level of 28 under U.S.S.G. 2D1.1, a three level reduction for their mitigating roles in the offense, and an additional three level reduction for acceptance of responsibility. The plea agreement acknowledged possible further relief if the -3- 3 defendants met the criteria contained in the "safety valve" provision. See 18 U.S.C. 3553(f)(1)-(5); U.S.S.G. 5C1.2. ___ At the sentencing hearing, the district court found the stipulated base offense level and downward adjustments applicable to the defendants. The court determined, however, that neither Gonzalez-Vega nor Otero-Rolon truthfully provided the government all information concerning the offense, as required by 18 U.S.C. 3553(f)(5). Consequently, the court declined to afford either defendant any relief from the statutory minimum term of imprisonment. This appeal ensued. II. II. ___ Discussion Discussion __________ Gonzalez-Vega and Otero-Rolon argue that the district court clearly erred in finding that they failed to meet the five criteria listed in the safety valve provision. That provision, if applicable, requires a sentencing court to disregard the statutorily imposed mandatory minimum sentence and impose sentence pursuant to the Sentencing Guidelines. See 18 U.S.C. 3553(f). The government concedes that both ___ men met the first four of the criteria. See 18 U.S.C.  ___ 3553(f)(1)-(4). In dispute is the fifth criterion, which requires a defendant to "truthfully provide[] to the __________ Government all information and evidence the defendant has" ___ -4- 4 regarding the offense. 18 U.S.C. 3553(f)(5) (emphasis added).1 In order to qualify for safety valve relief, the defendant must persuade the court that he meets all of the requirements. See United States v. Montanez, 82 F.3d 520, ___ _____________ ________ 523 (1st Cir. 1996). We review for clear error the district court's factual determinations underlying the question whether a defendant is entitled to such relief. See United ___ ______ States v. Miranda-Santiago, 96 F.3d 517, 527 (1st Cir. 1996). ______ ________________ "Where there is more than one plausible view of the circumstances, the sentencing court's choice among supportable alternatives cannot be clearly erroneous." United States v. D'Andrea, 107 F.3d 949, 958 (1st Cir. 1997). _____________ ________ Previously, we have found clear error in the denial of safety valve relief where "the government did not rebut  ____________________ 1. In full, the fifth criterion requires that not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement. 18 U.S.C. 3553(f)(5). -5- 5 [defendant's] facially plausible tale of limited involvement by pointing to information [the] defendant must have known." Miranda-Santiago, 96 F.3d at 529. Thus, a sentencing court's ________________ "bare conclusion" that the defendant failed to cooperate within the meaning of 3553(f)(5) is insufficient to support such a finding "absent either specific factual findings or easily recognizable support in the record." Id. ___ We consider the facts and legal challenges with respect to each defendant in turn. A. Otero-Rolon _______________ At his change of plea hearing and in his plea agreement, Otero-Rolon admitted that a postal clerk identified him as having mailed package No. 2. The day before the sentencing hearing, however, at a debriefing with the government, he denied that he mailed the package. The court found the later denial incredible and concluded that it created the likelihood of an absence of information concerning the identity of the person who supplied the drugs and other particulars surrounding the package. Presented with Otero-Rolon's recantation, the resulting factual vacuum, and other inconsistencies in his informative proffers,2 the district court found that Otero-Rolon did not truthfully  ____________________ 2. For example, Otero-Rolon originally told the government that Gonzalez-Vega asked him to pick up the Express Mail package, then later stated that an acquaintance he chanced upon at a shopping mall hired the two defendants to retrieve the parcel. -6- 6 provide all information to the government within the meaning of 3553(f)(5). See United States v. Wrenn, 66 F.3d 1, 3 ___ ______________ _____ (1st Cir. 1995) (explaining that defendant failed to provide "all" information regarding convicted offense where, after claiming to have numerous drug customers, defendant "supplied nary a name to the government"). Unlike the sentencing court in Miranda-Santiago, ________________ here, the court identified specific and supportable reasons for concluding that Otero-Rolon was neither truthful nor completely forthcoming in providing information. Furthermore, contrary to the defendant's proffer in Miranda- ________ Santiago, Otero-Rolon's later denials and new explanations ________ rendered his inexplicit final version implausible on its face. While the court could have found that Otero-Rolon had, in the end, provided the government with all pertinent information he had, its rejection of that conclusion reflects a readily plausible view of the evidence. Therefore, we find no clear error in the court's factual determination that Otero-Rolon did not meet the fifth requirement of the safety valve provision.3   ____________________ 3. Otero-Rolon suggests that the district court denied him the opportunity to provide further relevant information at his sentencing hearing. He also intimates that, had the court queried him, it would have found credible his latest version of the facts surrounding the offense. Our review of the record shows otherwise. At the hearing, the court directly asked Otero-Rolon whether or not he had any information to present other than that found in his previous submissions. Otero-Rolon replied that he did not. The fact -7- 7 B. Gonzalez-Vega _________________ Like Otero-Rolon, Gonzalez-Vega asserts that he truthfully disclosed all information that he might reasonably have been expected to possess. Our review of Gonzalez-Vega's contention that the court's findings were clearly erroneous, however, is severely hindered by his failure to provide copies of the sentencing hearing transcript. See Fed. R. ___ App. P. 10(b)(2) (requiring appellant to provide transcript when challenging a finding on the basis of evidentiary insufficiency). We have repeatedly held that, "[w]here an appellant raises issues that are factually dependant yet fails to provide a transcript of the pertinent proceedings in the district court, . . . we will not review the allegations." Muniz Ramirez v. Puerto Rico Fire Servs., 757 _____________ _______________________ F.2d 1357, 1358 (1st Cir. 1985); see also Plummer v. ___ ____ _______ Springfield Terminal Ry. Co., 5 F.3d 1, 5 (1st Cir. 1993); _____________________________ Batistini v. Aquino, 890 F.2d 535, 539 (1st Cir. 1989). We _________ ______ see no reason to depart from that rule in this case. We do note, however, that both the government's and Gonzalez-Vega's appellate briefs indicate that Gonzalez-Vega not only told materially inconsistent stories concerning the offense, he may have purposely withheld information as well. On the record before us, we can only conclude that the  ____________________ that the court did not find his final story truthful does not mean that the court deprived Otero-Rolon of the opportunity to render that account.  -8- 8 sentencing court's finding that Gonzalez-Vega failed to satisfy section 3553(f)(5) was reasonable considering the evidence before it.4 III. III. ____ Conclusion Conclusion __________ For the reasons stated above, we will not disturb the district court's finding that the defendants were not entitled to relief under the safety valve provision. Affirmed. Affirmed. ________  ____________________ 4. At oral argument before this court, Gonzalez-Vega claimed that the district court erroneously denied him the benefits of the safety valve provision because the information he withheld from the government concerned conduct unrelated to the charged offense. See Wrenn 66 F.3d at 3 (declining to ___ _____ define the scope of the phrase "offense or offenses that were part of the same course of conduct or of a common scheme or plan" within the meaning of 18 U.S.C. 3553(f)(5)). We will not consider this unpreserved contention, raised at oral argument for the first time. See United States v. De Leon ___ ______________ _______ Ruiz, 47 F.3d 452, 455 n.1 (1st Cir. 1995). Furthermore, ____ Gonzalez-Vega's failure to furnish a sentencing transcript thwarts any meaningful analysis of this issue. -9- 9