**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FAREED SEPEHRY-FARD, | No. 18-17286 |
| Plaintiff-Appellant, | D.C. No. 5:18-cv-02665-BLF |
| v. | |
| SANTA CLARA COUNTY COURT; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted November 9, 2020**

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Fareed Sepehry-Fard appeals pro se from the district court's judgment

dismissing his action alleging federal and state law claims. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim

and for lack of subject matter jurisdiction. *Serra v. Lappin*, 600 F.3d 1191, 1195

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2010).  We affirm.

The district court properly dismissed Sepehry-Fard's claims against defendants Herrick and Rada in their official capacities, and the Superior Court of California, County of Santa Clara (erroneously sued as Santa Clara County Court), because the claims are barred by the Eleventh Amendment.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 456 U.S. 89, 100 (1984) (Eleventh Amendment immunity applies to states and their agencies or departments "regardless of the nature of the relief sought"); *Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (California state courts are "arms of the state" entitled to Eleventh Amendment immunity); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) (official capacity suits are "another way of pleading an action against an entity of which an officer is an agent").

The district court properly dismissed Sepehry-Fard's federal claims against Herrick and Rada in their individual capacities because Sepehry-Fard failed to allege facts sufficient to state a plausible claim.  *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also West v. Atkins*, 487 U.S. 42, 48 (1988) (elements of a § 1983 claim); *Lindsey v. SLT L.A., LLC*, 447 F.3d 1138, 1145 (9th Cir. 2006) (elements of a § 1981 claim outside of an employment context); *Thornton v. City of St. Helens*, 425 F.3d 1158,

1168-69 (9th Cir. 2005) (the absence of a deprivation of rights under § 1983 precludes a § 1985(3) claim premised on the same allegations); *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985) (no cause of action under § 1986 absent a valid § 1985 claim); *St. Michael's Convalescent Hosp. v. California*, 643 F.2d 1369, 1373 (9th Cir. 1981) (Freedom of Information Act does not apply to state agencies or bodies).

The district court did not abuse its discretion by dismissing Sepehry-Fard's California Public Records Act claim against Herrick and Rada in their individual capacities because Sepehry-Fard failed to state a federal claim. *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (standard of review; court may decline supplemental jurisdiction over related state law claims once it has dismissed all claims over which it has original jurisdiction).

The district court did not abuse its discretion by dismissing Sepehry-Fard's first amended complaint without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

The district court did not abuse its discretion by denying Sepehry-Fard's motion for reconsideration because Sepehry-Fard failed to demonstrate any basis for such relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d

1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

We reject as without merit Sepehry-Fard's contentions of misconduct on the part of appellees' counsel.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests, including those set forth in appellant's opening and reply briefs, are denied.

**AFFIRMED.**